**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods LLP, | No. CV-18-02332-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Skunk Incorporated, Vatra Incorporated, | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss. (Doc. 36). The Motion is fully briefed. Defendants sought oral argument on the motion but because both parties submitted memoranda discussing the law and facts in support of their positions and oral argument would not aide the Court's decisional process, the Court did not hold argument on the motion. *See e.g., Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

Defendants' motion can be broken down into three arguments: 1) Plaintiff fails to state a claim under any of its six causes of action[1] primarily because Plaintiff fails to show a likelihood of confusion; 2) Plaintiff fails to state a claim against Defendant Vatra because Plaintiff fails to make any allegations against Defendant Vatra beyond the allegations

---

[1] The six causes of action pleaded in the complaint are: (1) trademark infringement under the Lanham Act; (2) false designation of origin under the Lanham Act; (3) trademark infringement under Arizona common law; (4) unfair competition under Arizona common law; (5) cancellation of a trademark registration; and (6) refusal of trademark application. (Doc. 39 at 2).

against Defendant Skunk; and 3) if the Court denies the motion(s) to dismiss for failure to state a claim, Defendants seek a more definite statement. The Court will address each argument in turn.

I. **Factual Background**

The following summary of the facts is taken from the complaint. The Court notes that Defendants dispute many of these facts; but, in deciding a motion to dismiss for failure to state a claim, the Court must construe the facts alleged in the complaint in the light most favorable to the Plaintiff and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

Plaintiff uses the Skunk and Skunk Brand names to identify various smoking-related accessories. (Doc. 1 at 3, ¶ 19). Plaintiff has used the Skunk Brand trademark since 1999. (Doc. 1 at 3-4, ¶ 21a). Plaintiff has secured several U.S. Patent and Trademark Office trademark registrations of Plaintiff's Skunk and Skunk Brand marks for smoking-related accessories. (Doc. 1 at 3-4, ¶¶ 21-24).

Plaintiff alleges that Defendants sell smell-proof bags using the "Skunk" name. (Doc. 1 at 6, ¶ 31). Plaintiff alleges that Defendants use a design image of a skunk's tail on Defendants products. (Doc. 1 at 6, ¶ 34). Plaintiff alleges that Defendants sell the smell-proof bags, including "vape cases", to purchasers of smoking-related products. (Doc. 1 at 6, ¶ 38). Plaintiff alleges that Defendants were advertisers/exhibitors at the Champs Tradeshow in Las Vegas, Nevada, in July 2018. (Doc. 1 at 6, ¶¶ 40-41), and at two other tradeshows thereafter (Doc. 1 at 6-7, ¶¶ 43-44).

II. **Motion to Dismiss the Six Claims in the Complaint**

A. **Failure to State a Claim**

The Court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, a complaint must

meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95 (3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).[2]

---

[2] In the section of Defendants' motion seeking a more definite statement, Defendants, without supporting legal authority, argue that the heightened pleading standard under

In this case, Defendants argue:

> Lanham Act Section 32 for registered marks and 43(a) for unregistered ones prohibit the use of a mark that is likely to cause confusion. 15 U.S.C. §§ 1114, and 1125(a); *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992) ("[L]iability under § 43(a) requires proof of the likelihood of confusion."). Thus, in order to assert a valid trademark infringement claim, Plaintiff BBK's Complaint is required to state the following allegations with the requisite specificity: (1) Plaintiff owns a valid, protectable trademark; and (2) Defendant SKUNK uses a mark similar to Plaintiff's brand and Mark without the consent of Plaintiff in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods. *Dep't of Parks & Recreation v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006). Here, the Complaint does not adequately allege sufficient facts establishing a plausible likelihood of confusion.

(Doc. 36 at 8-9).

Plaintiff states:

> As stated in the Defendants' Motion, the six causes of action in the Complaint are share common elements. Motion at 9. *See also, e.g., Interstellar Starship Servs. Ltd. v. Epix, Inc.*, 184 F.3d 1107, 1110 (9th Cir.1999) (The ultimate test for unfair competition is exactly the same as for federal trademark infringement, that is "whether the purchaser is likely to be deceived or confused by the similarity of the marks.").

(Doc. 39 at 6, n. 5).

Thus, the parties agree that the issue is whether Plaintiff has adequately alleged "likelihood of confusion" to state a claim. The Ninth Circuit Court of Appeals has identified eight nonexclusive factors the Court should consider in determining whether consumer confusion is likely: (1) the strength of the plaintiff's mark; (2) the proximity or relatedness of the goods; (3) the similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) the type of goods and likely degree of purchaser care; (7) defendant's intent in selecting the mark; (8) likelihood of expansion of the product lines. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979) ("*Sleekcraft* factors"). Plaintiff need not allege, or prove, every *Sleekcraft* factor. *See Brookfield Commc'ns v.*

---

Federal Rule of Civil Procedure 9(b) should apply to Plaintiff's willful infringement claim because "[s]uch allegations sound in the tort of fraud…." (Doc. 36 at 12). This argument has been rejected by other courts in the patent context. *Potter Voice Techs., LLC v. Apple Inc.*, 24 F. Supp. 3d 882, 887 (N.D. Cal. 2014) ("While willful infringement is not equal to fraud and therefore is not subject to the stringent Rule 9(b) particularity requirement, the *Iqbal* and *Twombly* standards still apply. *See Mitutoyo Corp. v. Cent. Purchasing LLC*, 499 F.3d 1284, 1290 (Fed. Cir. 2007)."). This Court agrees that a claim of willful infringement is not required to be pleaded under Federal Rule of Civil Procedure 9(b).

*West Coast Entertainment Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999).

In the motion to dismiss, Defendants argue Plaintiff fails to allege 3 of these factors: 3) similarity of the marks (Doc. 36 at 7); 5) marketing channels used (Doc. 36 at 10); and 6) type of goods (Doc. 36 at 10). In the reply, Defendants argue Plaintiff fails to allege 2 additional factors: 4) actual confusion (Doc. 41 at 7-8); and 7) defendant's intent in selecting the mark (Doc. 41 at 9). In reading Defendants' motion and reply as a whole, the Court notes that Defendants do not actually dispute whether Plaintiff has made an *allegation* as to each of the factors, but rather whether that allegation is plausible.

### 1. Factor 3

As to factor 3 — the similarity of the marks — Defendant Skunk includes pictures of the marks and argues that there are 2 visual differences: 1) one mark has a sketch of a whole skunk, while one has only a sketch of a skunk's tail; and 2) one uses double white-and-black fonts for the term skunk, while one uses only a single black font. (Doc. 36 at 7). Defendant Skunk then concludes: "These visual differences are so great on their face that it cannot reasonably be contended that they would cause confusion in the minds of ordinary consumers as to the source, sponsorship or affiliation of the parties' respective products." (Doc. 36 at 7-8).

Conversely, Plaintiff argues: "An allegation of identical word marks unequivocally satisfies the pleading standard for the similarity of trademarks in a trademark infringement action. *See Hokto Kinoko Co. v. Concord Farms, Inc.*, 738 F.3d 1085, 1096 (9th Cir. 2013)." (Doc. 39 at 9).[3] As to factor 3 — similarity of the marks — the Court finds Plaintiff has stated a plausible claim of similarity. Specifically, the marks use the exact same word as a name and a similar skunk tail drawing. These seemingly admitted facts are adequate to state a claim as to factor 3.

### 2. Factor 5

As to factor 5 — marketing channels used — Defendants acknowledge in their

---

[3] The Court will address Defendant Vatra's separate motion to dismiss below. However, the Court notes that for purposes of this factor, these allegations appear to relate to only Defendant Skunk.

motion that "the trademark owner's channels of trade" is relevant to whether there is a likelihood of confusion. (Doc. 36 at 10, line 5). However, Defendants make no specific argument in this regard beyond their discussion of factor 6, addressed below.

Conversely, Plaintiff has alleged that Plaintiff and both Defendants attended three of the same tradeshows. (Doc. 1 at 6-7, ¶¶ 40-44). Thus, Plaintiff has alleged that all parties use the same marketing channels sufficient to state a claim as to factor 5.

### 3. Factor 6

As to factor 6 — types of goods — Defendant Skunk claims that its smell-proof bags are not the same product as anything sold by Plaintiff. (Doc. 36 at 10). Defendant Skunk claims that the "vape cases" alleged in the complaint are Defendant Vatra's products, not Defendant Skunk's products. (Doc. 36 at 10, n. 2 (citing Exhibit G to the complaint (Doc. 1-2 at 2-3)). No party alleges or denies that Defendant Vatra's products include Defendant Skunk's mark. The Court has reviewed Exhibit G and has not located Defendant Skunk's mark on any of the products.

Even assuming none of the products in Exhibit G are Defendant Skunk's products, Plaintiff still alleges that Defendant Skunk sells a smell-proof bag bearing the Skunk mark. (Doc. 1 at 6, ¶ 32). Plaintiff also alleges that Defendant Skunk advertises the bag to cancel out the aroma of the contents of the bag (Doc. 1 at 6, ¶ 37), and Defendant Skunk promotes the smell-proof bag at tradeshows for smoking related products (Doc. 1 at 6, ¶ 39). Plaintiff further alleges that Plaintiff sells containers for smoking related products. (Doc. 1 at 5, ¶ 23).[4]

The Court finds these allegations of selling containers for smoking related products to be sufficient to have alleged that the products are related. While the Court notes that Defendant Skunk argues that it makes odor free bags for purposes other than smoking

---

[4] In response to the motion to dismiss, Plaintiff claims it sells an odor free bag, but has no citation for this factual claim; as a result, the Court has not considered it. (Doc. 39 at 12, line 20). Nonetheless, Defendant Skunk seems to concede Plaintiff does make a container; specifically, Defendant Skunk states: "However, Defendant SKUNK's bag products are made out of [] synthetic fabrics, while Plaintiff's alleged container-type products appear to be made out of thin plastic." (Doc. 41 at 6).

related products,[5] Plaintiff's allegation that Defendant Skunk makes odor free bags for smoking related products is sufficient to state a claim as to factor 6.

### 4. Factor 4

As to factor 4 — actual confusion — Defendants argue that Plaintiff has produced no evidence of actual consumer confusion. (Doc. 41 at 8, lines 11-12). However, Plaintiff is not required to produce evidence at the motion to dismiss for failure to state a claim stage.

Because this argument was raised for the first time in the reply, Plaintiff did not address it in the response. Further, because this argument was raised for the first time in the reply, this Court need not consider it. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (declining to consider a matter on appeal that was "not specifically and distinctly raised and argued in [a party's] opening brief"); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) ("[I]t would be especially unfair for us to consider an argument that was raised for the first time in the reply brief.").

Nonetheless, the Court notes that the complaint alleges, "Upon information and belief, Defendants use of the Skunk name for Defendants' 'smell proof' bag products is reasonably likely to cause consumers and potential customers to believe that Defendants' 'smell proof' bag products using the 'Skunk' name are associated with HBI when, in fact, Defendants' products are not." (Doc. 1 at 8, ¶ 52). This allegation is adequate to state a claim as to factor 4.

### 5. Factor 7

As to factor 7 — defendant's intent in selecting the mark — Defendant Skunk summarizes Plaintiff's allegations as: "Plaintiff asserts that Defendant SKUNK willfully caused confusion and deception to the public by manufacturing and promoting the products "bearing the mark 'Skunk' or variants thereof [which] have their source or origin with [BBK] or are in some manner approved by, associated with, sponsored by or connected

---

[5] Specifically, Defendant Skunk states, "Defendant SKUNK's bags and related goods are not *exclusively* intended to be used for tobacco and similar substances." (Doc. 41 at 5) (emphasis added).

- 7 -

with [BBK]." [*See* Complaint, at Para. 54-62.]" (Doc. 41 at 9). Defendant Skunk then argues, "Nothing could be further from the truth." (Doc. 41 at 9).

However, on a motion to dismiss for failure to state a claim, the Court does not test the "truth" of the allegations. Instead, the Court considers whether Plaintiff has made a plausible allegation that, if later proven true, would entitle Plaintiff to relief. *See Twombly*, 550 U.S. at 555.

Because Defendant Skunk raised this argument for the first time in the reply, as stated above, the Court need not consider it. Nonetheless, the Court finds that Plaintiff has alleged that Defendant Skunk's choice of mark originated from Plaintiff's mark, which is sufficient to state a claim under factor 7.

### B. Conclusion Regarding Failure to State a Claim

The Court has considered all of the *Sleekcraft* factors argued by Defendants and finds that, as to Defendant Skunk, Plaintiff has made allegations sufficient to state a claim as to each factor. Accordingly, the motion to dismiss Defendant Skunk will be denied.[6]

## III. Motion to Dismiss Defendant Vatra

### A. Allegations as to Defendant Vatra

Defendants argue that Plaintiff has not pleaded any specific facts or allegations against Defendant Vatra. (Doc. 36 at 7-8). Plaintiff counters and says:

> *Every* allegation in the Complaint alleging wrongful conduct is asserted against *both* Defendant Vatra and Defendant Skunk. *See* Complaint, *passim*. The first sentence of the Complaint defines "Defendants" as used in the Complaint to mean Defendants Vatra and Skunk. Complaint at p. 1. All the alleged wrongful conduct in the Complaint relates to *both* Defendants Vatra and Skunk. *See* Complaint, *passim*. *See* Complaint at ¶¶ 32, 38, 39, 40, Exhibits G-H.

(Doc. 39 at 15) (emphasis in original).

To state a claim against multiple defendants, a plaintiff cannot use a "shotgun" pleading approach by lumping all defendants together. As another court has explained:

> Related to plausibility and particularity is the concept of shotgun pleading.

---

[6] Plaintiff asks the Court to take judicial notice of certain documents filed with the Trademark Trial Appeal Board. (Doc. 39 at 3-4). Defendants opposed this request. (Doc. 41 at 2-3). Because the Court could decide this motion without reference to these documents, the Court has not considered them.

> Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable. One common theme of Rule 8(a), Rule 9(b), *Iqbal*, *Twombly*, and federal securities laws on pleading is that plaintiffs must give the defendants a clear statement about what the defendants allegedly did wrong.
>
> …
>
> One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term "Defendants" throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong. Another type is where the plaintiff recites a collection of general allegations toward the beginning of the Complaint, and then "each count incorporates every antecedent allegation by reference [.]" *Byrne*, 261 F.3d at 1129.

*Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766AGANX, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010). Thus, "Plaintiff is advised that in order to state a claim, he must allege specific facts as to each defendant indicating what specific conduct they engaged in that caused injury to Plaintiff and when they did so." *Cruz v. Gipson*, No. 1:14-CV-00418-BAM-PC, 2015 WL 6689550, at *4 (E.D. Cal. Oct. 30, 2015).

In this case, as indicated above, Plaintiff engaged in the shotgun approach by making every allegation against both Defendants. However, the Court has reviewed, for example, Exhibit G which purports to be Defendant Vatra's website displaying products for sale. (Doc. 1-8 at 2-3). The Court sees no evidence of the Skunk mark or the word skunk on any of the products.[7] Thus, to the extent the Court has found that the allegations that Defendant Skunk uses the word Skunk and uses the skunk character state a claim, these allegations do not appear to have any applicability to Defendant Vatra's products.

Further, the Court has found no cognizable legal theory in the complaint that would make Defendant Vatra liable for the activities of Defendant Skunk. Plaintiff's allegation that "Upon information and belief, Defendants Vatra, Inc. and Skunk, Inc. are related entities that share a common ownership and/or organizational structure[,]" (Doc. 1 at 2, ¶4.) even if true, fails to allege a basis for joint liability. Further, the allegation that the Defendants shared a booth at a tradeshow, even if true, is not a basis for joint liability. (*See*

---

[7] There is the Skunk name and tail on the blue bar at the top of the second page of this screen capture. (Doc. 1-8 at 3). However, there is no allegation that this bar causes Vatra liability for non-Skunk branded products or, alternatively, joint liability for Skunk branded products.

Doc. 1-9 at 14).

Thus, on this record, Plaintiff has failed to state a claim against Defendant Vatra.

### B. Leave to Amend

The Ninth Circuit Court of Appeals has instructed district courts to grant leave to amend, *sua sponte*, when dismissing a case for failure to state a claim, "unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Here, the Court cannot conclude that no facts could be alleged against Defendant Vatra that would state a claim. Therefore, the Court will grant Plaintiff leave to amend.

The Court notes that:

> Any amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete on its face without reference to the prior, superseded pleading [citation omitted]. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

*Grady v. Gutierrez*, No. 1:18-CV-00922-JDP, 2019 WL 1643238, at *5 (E.D. Cal. Apr. 16, 2019).

Accordingly, if Plaintiff chooses to amend within the deadlines set forth below, Plaintiff must re-allege all claims and allegations against Defendant Skunk, in addition to any claims and allegations against Defendant Vatra.

### IV. Motion for More Definite Statement

As to Defendant Skunk, the Court finds that the allegations have been adequately pleaded such that a more definite statement is not required. This conclusion is particularly true given that Defendants largely premised their argument for a more definite statement on their theory that Plaintiff was required to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b), which the Court rejected. *See* footnote 2 *supra.* As to Defendant Vatra, because it is being dismissed, the request for more definite statement is moot.

**V. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the motion to dismiss (part of Doc. 36) is denied as to Defendant Skunk and granted as to Defendant Vatra.[8]

**IT IS FURTHER ORDERED** that the motion for more definite statement (part of Doc. 36) is denied as to both Defendants.

**IT IS FURHTER ORDERED** that the request to take judicial notice (part of Doc. 39) is denied as moot.

**IT IS FURTHER ORDERED** that leave to amend is granted such that Plaintiff may, if it chooses, file an amended complaint within 14 days of this Order.

**IT IS FINALLY ORDERED** that Defendant(s) must answer or otherwise respond to the complaint (if no amended complaint is filed) or the amended complaint (if an amended complaint is filed) within 28 days of the date of this Order.

Dated this 30th day of April, 2019.

James A. Teilborg
Senior United States District Judge

---

[8] The Clerk of the Court shall not enter judgment at this time.

- 11 -