**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods LLP, | No. CV-18-02332-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Skunk Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff BBK Tobacco & Foods, LLP's ("Plaintiff") motion to amend the scheduling order and for leave to file a second amended complaint and first amended answer. (Doc. 109). Defendants Skunk, Inc. and Vatra, Inc. ("Defendants") have responded, (Doc. 114), and Plaintiff has replied, (Doc. 117). The Court now rules on the motion.

**I.    BACKGROUND**

After a scheduling conference, the Court issued its scheduling order on June 18, 2019. (Doc. 63). The scheduling order specified that "any motion to amend the Complaint shall be filed no later than August 9, 2019." (Doc. 63 at 1-2). That same day, Plaintiff filed three motions under Federal Rule of Civil Procedure ("Rule") 12, triggering the parties' obligations under this District's Mandatory Initial Disclosure Pilot Program ("MIDP"). (*See* Doc. 4). The parties exchanged their initial MIDP responses on June 27, 2019. (Docs. 71, 72).

In early July, however, the parties found themselves embroiled in a discovery

dispute. (Docs. 109 at 4; 114 at 4). The gravamen of this dispute was Defendants' request that Plaintiff run additional search terms for responsive ESI. (Docs. 109 at 4; 114 at 5). This Court held a hearing to resolve the dispute on September 5, 2019, and ultimately sustained Plaintiff's objections to Defendants' requests for more initial disclosure without prejudice to Defendants propounding proper discovery requests in the future. (Doc. 101 at 2). During this time, Plaintiff elected to "put off a careful review" of Defendants' initial production until after the resolution of the discovery dispute. (Doc. 109 at 6).

At some point after the hearing, Plaintiff finally undertook an "in-depth review" of Defendants' initial production and found "several images" that it claims show that Skunk had "misuse[d] the trademark registration symbol and even the copyright registration symbol." (Docs. 109 at 6; 109-1 at 100, 102, 104-05). Plaintiff now seeks to amend its complaint to add a claim for relief based on these allegations, (Doc. 109-1 at 27), and to amend its answer to Defendant Skunk's counterclaims to add an affirmative defense of unclean hands, (Doc. 109-2 at 17), under Rule 16(b) and Rule 15(a).

## II. ANALYSIS

Where, as here, the scheduling order's deadline to amend pleadings has expired, a party seeking to amend its pleadings must satisfy both Rule 16 and Rule 15. *Acosta v. Austin Elec. Servs. LLC*, 325 F.R.D. 325, 328 (D. Ariz. 2018) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)). Accordingly, the Court must first analyze Plaintiff's motion under Rule 16(b), and then, only if necessary, under Rule 15(a).

### A. Rule 16

Plaintiff argues that amending the scheduling order is warranted here because it "satisf[ied] its disclosure obligations and [sought] a resolution of Defendants' demands for further disclosure, and . . . only learned of the factual basis for its requested amendments after the deadline to amend." (Doc. 109 at 8). Defendants counter that Plaintiff proffers insufficient reasons for not reviewing its initial production, failing to show good cause. (Doc. 114 at 8).

"In general," under Rule 16(b), a "scheduling order can only be modified 'upon a

showing of good cause.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 608). "Unlike Rule 15(a)'s liberal amendment policy . . . , Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Thus, a court should modify a scheduling order's deadline when the movant shows "it cannot reasonably be met despite [the movant's] diligence." *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* To evaluate the movant's diligence, courts often examine:

> (1) the party's diligence in assisting the court in creating a workable Rule 16 order; (2) whether the party's noncompliance with a Rule 16 deadline occurred because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) whether the party was diligent in seeking amendment of the Rule 16 order once it became apparent the party could not comply.

*Acosta*, 325 F.R.D. at 328 (citing *Morgal v. Maricopa Cty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012)); *see also Upton v. Corizon Health Care Inc.*, No. CV-17-01502-PHX-JAT, 2019 WL 581274, at *3 (D. Ariz. Feb. 12, 2019). "Although the existence or degree of prejudice to the party opposing modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

Plaintiff first asserts that it was diligent because it did not discover the factual basis underlying its proposed amendments until after the deadline's expiration. (Doc. 109 at 9). Although discovering new information can sometimes justify modifying a scheduling order, *see Leibel v. City of Buckeye*, No. CV-18-01743-PHX-DWL, 2019 WL 4736784, at *2 (D. Ariz. Sept. 27, 2019), Plaintiff's argument is unpersuasive given that it not only possessed the relevant materials prior to the deadline's expiration, it had them for six weeks. The instant case is thus different from those Plaintiff cites for support, which each involved circumstances where the new information was either contained in discovery

produced after the expiration of the applicable deadline, *id.*; *Inter-coastal Elecs., Inc. v. Boston Laser, Inc.*, No. CV 05-2488-PHX-ROS, 2007 WL 9724307, at *2 (D. Ariz. June 15, 2007) (explaining that the knowledge derived from the documents already in the defendant's possession would not have supported the defendant's additional claims); *Humphreys & Partners, Architects, L.P. v. George F. Tibsherany, Inc.*, No. CV-03-0169-PHX-SMM, 2006 WL 8440623, at *1–2 (D. Ariz. Feb. 22, 2006),[1] or where the defendant continued to engage in the conduct that was the subject of the lawsuit after the deadline's expiration, *Acosta*, 325 F.R.D. at 328. Plaintiff's failure to review Defendants' initial production during this time does not comport with a finding of diligence.

Plaintiff next attempts to justify its delay in reviewing Defendants' initial production by maintaining that it dedicated all its time and energy to achieving a resolution of the parties' discovery dispute without the Court's intervention. (Doc. 109 at 10). This assertion, however, undermines its claim of diligence. When the discovery dispute arose in early July, Plaintiff presumably knew of the impending August deadline and knew it had not yet combed through Defendants' initial production. Having apparently made the decision to focus its efforts entirely on the goal of resolving the discovery dispute without Court intervention, Plaintiff should have filed a motion to amend the scheduling order to permit it the time needed to also review Defendants' initial production before the deadline's expiration. Indeed, even assuming that, as Plaintiff suggests, the dispute intensified as time wore on, that would have made the need to take such action only that much more pressing. (*See* Doc. 109 at 4, 6). But Plaintiff filed no such motion; instead, it ultimately waited until October to do so, failing to show it acted with diligence once it became clear that it could not comply with the scheduling order's deadline.

Plaintiff offers no compelling explanation for its failure to either review Defendants'

---

[1] Although it may not be clear from the Court's order, the deadline to amend the answer in *Humphreys & Partners* was June 4, 2004, Amended Rule 16 Scheduling Order at 2, *Humphreys & Partners, Architects, L.P. v. George F. Tibsherany, Inc.*, No. CV-03-0169-PHX-SMM, (D. Ariz. May 03, 2004), ECF No. 83, and the Defendant did not receive the discovery that formed the basis of its counterclaim until August of 2004, Defendants' Reply in Support of Motion for Leave to Amend at 2, *Humphreys & Partners, Architects, L.P. v. George F. Tibsherany, Inc.*, No. CV-03-0169-PHX-SMM, (D. Ariz. Nov. 29, 2005), ECF No. 200.

initial production or move to amend the scheduling order in the six weeks between its receipt of the relevant documents and the deadline's expiration. Accordingly, Plaintiff fails to show good cause sufficient to justify amending the scheduling order under Rule 16 and the Court declines to exercise its discretion to modify the Rule 16 scheduling order.

### B. Rule 15

Because Plaintiff did not meet its burden to show "good cause" under Rule 16(b), the Court need not analyze whether the Court should grant leave to amend the Complaint under Rule 15(a). Therefore, Plaintiff's Motion to Amend the Complaint is denied.

## III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint and First Amended Answer and to Amend the Scheduling Order (Doc. 109) is **DENIED**. To the extent the new count attempted to be added by Plaintiff's proposed amendment are freestanding claims, the Court denies leave to amend without prejudice to Plaintiff filing a new case premised on the new claim(s) identified in the proposed amendment. Additionally, this order makes no ruling on whether the evidence underlying the new claim in Plaintiff's proposed amendment is admissible in a trial of this case.

Dated this 15th day of November, 2019.

James A. Teilborg
Senior United States District Judge