**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods LLP, | No. CV-18-02332-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Skunk Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff BBK Tobacco & Foods LLP ("BBK") Motion to Strike Defendant Vatra, Inc.'s ("Vatra") Affirmative Defenses. (Doc. 67). Vatra has responded, (Doc. 76), and BBK has replied, (Doc. 87). The Court now rules on the motion.

## I.  BACKGROUND

BBK uses the Skunk and Skunk Brand names to identify various smoking-related accessories. (Doc. 46 at 2). BBK filed a complaint in this Court against Defendants Skunk, Inc. and Vatra alleging in pertinent part: (1) federal trademark infringement; (2) federal false designation of origin and representation; (3) trademark infringement under Arizona common law; and (4) unfair competition under Arizona common law. (Doc. 49 at 10-26). Vatra's answer pleaded five affirmative defenses in response. (Doc. 55 at 35-42). BBK now moves to strike all five affirmative defenses. (Doc. 67).

## II.  DISCUSSION

### a.  Legal Standard

Motions to strike are governed by Federal Rule of Civil Procedure ("Rule") 12(f).

Under Rule 12(f), the Court has discretion to "strike from a pleading an insufficient defense," Fed. R. Civ. P. 12(f), such as those that are not, in fact, affirmative defenses, *see Craten v. Foster Poultry Farms Inc.*, No. CV-15-02587-PHX-DLR, 2016 WL 3457899, at *3 (D. Ariz. June 24, 2016), or those that are insufficiently pleaded, *Verco Decking, Inc. v. Consol. Sys., Inc.*, No. CV-11-2516-PHX-GMS, 2013 WL 6844106, at *4 (D. Ariz. Dec. 23, 2013). Because "the only pleading requirement for an affirmative defense . . . is that 'a party must affirmatively state' it," *id.* at *5 (quoting Fed. R. Civ. P. 8(c)(1)), "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense," *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Thus, contrary to BBK's position, courts in this district have consistently declined to apply the heightened "plausibility" standard coined in *Twombly* and *Iqbal* to affirmative defenses. *See Craten*, 2016 WL 3457899, at *3 (collecting cases).

In addition, given the generally "limited importance of pleading in federal practice," motions to strike are disfavored because they seek a drastic remedy and are often used as a delaying tactic. *XY Skin Care & Cosmetics, LLC v. Hugo Boss USA, Inc.*, No. CV-08-1467-PHX-ROS, 2009 WL 2382998, at *1 (D. Ariz. Aug. 4, 2009) (quoting *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008)). As such, even when a motion to strike an insufficient defense is "technically appropriate and well-founded, Rule12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 n.34 (3d ed. 2019) (collecting cases); *see also J & J Sports Prods., Inc. v. Vargas*, No. CV 11-2229-PHX-JAT, 2012 WL 2919681, at *1 (D. Ariz. July 17, 2012); *XY Skin Care & Cosmetics*, 2009 WL 2382998, at *1. Prejudice can be found "where superfluous pleadings may confuse the jury, or where a party may be required to engage in burdensome discovery around frivolous matters." *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 628 (E.D. Cal. 2014) (quoting *J & J Sports Prods., Inc. v. Luhn*, Civ No. 2:10-3229 JAM CKD, 2011 WL 5040709, at *1 (E.D. Cal. Oct. 24, 2011)).

    **b. First Affirmative Defense**

Vatra's First Affirmative Defense contends that BBK's action is barred by the doctrine of unclean hands because U.S. Registration No. 2,434,666 ("Reg. No. '666") was fraudulently procured, and BBK deceptively included the federal registration symbol on goods that it possessed no registration for. (Doc. 55 at 35). BBK contends this is not a proper affirmative defense because Vatra can still be liable for infringement even if BBK's registrations are invalid. (Doc. 67 at 5). Vatra responds that: (1) its answer fully provides BBK with fair notice; (2) BBK fails to identify how the presence of this defense in the answer causes it prejudice; and (3) BBK's contention misstates the law. (Doc. 76 at 6).

Although it is generally true that affirmative defenses preclude liability despite the truth of a plaintiff's allegations, *see G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-00168-LHK, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010), even if BBK is correct that the First Affirmative Defense would not achieve this end,[1] it fails to show how the presence of the defense in Vatra's answer causes it prejudice. In its reply brief, BBK raises a global objection that "if the [C]ourt were to permit legally unsustainable defenses to survive, [BBK] would be required to conduct expensive and potentially unnecessary discovery." (Doc. 87 at 3).[2] Yet BBK does not even attempt to explain why Vatra's allegations that BBK deceptively misused the federal registration symbol or fraudulently procured Reg. No. '666, "could have 'no possible bearing on the subject matter of the litigation.'" *J & J Sports Prods.*, 2012 WL 2919681, at *1 (quoting *Rosales v. Citibank, Fed. Sav. Bank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). Indeed, far from raising frivolous matters, the allegations of Vatra's First Affirmative Defense may "provide additional context . . . [or] useful background information relevant" to the various claims involved in this case, particularly Skunk's counterclaims based on fraud. *See Martinez v.*

---

[1] Although courts have held that fraudulent procurement will not preclude a plaintiff from enforcing any of its common-law trademark rights, 6 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 31:60 & n.1 (5th ed. 2019) (collecting cases), other courts have reasoned that intentional misuse of a federal registration symbol is "a form of inequitable 'unclean hands' so as to bar . . . the maintenance of an infringement case," 3 *id.* § 19:146 & n.8 (collecting cases).

[2] Although BBK first raised this argument in its reply brief, the Court can consider it because it responds to arguments set forth in the opposition brief. *Rawls v. Maricopa County*, No. CV-10-231-PHX-GMS, 2010 WL 2927309, at *1 (D. Ariz. July 23, 2010).

*County of Sonoma*, No. 15-cv-01953-JST, 2016 WL 39753, at *6 (N.D. Cal. Jan. 4, 2016). The Court also finds unpersuasive BBK's general contention that discovery would be unduly burdensome. As the Court recently reminded the parties, a party propounding an overly burdensome discovery request may be required to bear the costs of its request.

Accordingly, the Court will deny BBK's motion as to Vatra's First Affirmative Defense.

### c. Second Affirmative Defense

Vatra's Second Affirmative Defense alleges that BBK's action is barred by the doctrines of "laches, estoppel, waiver, and/or acquiescence." (Doc. 55 at 37). BBK argues that the Court must strike this affirmative defense because Vatra failed to allege facts sufficient to state a plausible defense. (Doc. 67 at 6). In its response, Vatra quarrels with BBK's use of the "*Twomby/Iqbal* framework" and maintains that it has pleaded sufficient facts. (Doc. 76 at 9).

BBK's assertion that Vatra's answer failed to allege facts to support every element of acquiescence, waiver, and estoppel is inapposite. "The Federal Rules . . . do not require a defendant to set out the specific elements of each defense pleaded," so long as the pleading still provides the plaintiff with fair notice of the defense. *Roxbury Entm't v. Penthouse Media Grp., Inc.*, No. 2:08-cv-03872-FMC-JWJx, 2009 WL 2950324, at *6 (C.D. Cal. April 3, 2009). A court may even deny a motion to strike when the defendant has provided no more than an unadorned list of affirmative defenses, because such a list still "affirmatively state[s]" the defenses. *FTC v. Elec. Payment Sols. of Am., Inc.*, No. CV-17-02535-PHX-DJH, 2017 WL 10505266, at *1 (D. Ariz. Dec. 13, 2017); *Mag Instrument*, 595 F. Supp. 2d at 1108 (recognizing that in some cases "merely pleading the name of the affirmative defense . . . may be sufficient" (quoting *Woodfield v. Bowman*, 193 F.3d 354, 361 (5th Cir. 1999)). The absence of facts in Vatra's answer supporting the specific elements of these legal doctrines does not deprive BBK of fair notice here because, as its own motion indicates, BBK is evidently aware of the elements of these defenses and what facts will be necessary to establish them. *See Roxbury Entm't*, 2009 WL 2950324, at *6–7

(declining a motion to strike on this basis).

BBK also fails to show that the presence of these allegations in Vatra's answer will subject it to prejudice. Similar to the allegations discussed in the previous section, Vatra's allegation that BBK was aware that Skunk was using the word "Skunk" and a Skunk tail to identify its products as early as 2014, but did not attempt to enforce its mark until 2018, may provide additional context and useful background information relevant to this lawsuit.[3] (Doc. 55 at 37). Therefore, BBK not only fails to show that Vatra did not comply with the pleading standards for affirmative defenses, it also fails to show that it is prejudiced by the Second Affirmative Defense.

Accordingly, the Court will deny BBK's motion as to Vatra's Second Affirmative Defense.

### d. Third Affirmative Defense

In its Third Affirmative Defense, Vatra alleges that BBK has either never used, or has ceased using, its marks in connection with some or all of the goods listed in BBK's federal trademark registrations. (Doc. 55 at 38-39). BBK asks the Court to strike this defense, contending it merely asserts a "defect in Plaintiff's prima facie case . . . that does not excuse . . . Vatra's liability." (Doc. 67 at 13). Vatra maintains that abandonment is a proper affirmative defense and, in any event, BBK fails to explain what prejudice would occur if the defense was not stricken. (Doc. 76 at 10-11).

As noted, it is generally true that affirmative defenses excuse liability even if the plaintiff's allegations are all proven true, *G & G Closed Circuit Events*, 2010 WL 3749284, at *5, but BBK's argument here is contrary to the scheme of the Lanham Act which envisions abandonment as an affirmative defense to the enforcement of a registered mark. Under 15 U.S.C. § 1115(a), registration on the principle register is "prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's

---

[3] As the Court reads the answer, Vatra alleges that BBK had notice of Skunk's use of the Skunk word mark in 2014. (Doc. 55 at 37). At this stage, the Court must presume the truth of that allegation, meaning that the Court must reject BBK's contrary argument that Vatra's own admissions establish that BBK filed suit within the applicable statute of limitations, rendering laches entirely inapplicable. (Doc. 67 at 7).

ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce or in connection with the goods or services specified in the registration" but such registration "shall not preclude another person from proving any legal or equitable defense or defect, including those set forth in subsection(b)." Because §1115(a) places the burden on the party asserting any defense, including those under § 1115(b), defenses under § 1115(b) are affirmative defenses. 6 J McCarthy, *supra*, § 32:149.[4] Given that abandonment is specifically listed at § 1115(b)(2), the Court rejects BBK's contention that it is not a proper affirmative defense. *See, e.g.*, *Novadaq Techs., Inc. v. Karl Storz GmbH & Co. K.G.*, 143 F. Supp. 3d 947, 953–54 (N.D. Cal. 2015) (describing abandonment as a permissible affirmative defense); *G & G Closed Circuit Events*, 2010 WL 3749284, at *3 (same); *Roxbury Entm't*, 2009 WL 2950324, at *6 (same).

Moreover, just as with its other arguments, BBK provides the Court with no basis to conclude that it would suffer prejudice if the Third Affirmative Defense is not stricken beyond its global assertion that it would have to engage in discovery. Because whether BBK abandoned some or all of the goods for which its marks were registered remains relevant to this litigation, BBK will not be prejudiced by any discovery related to this issue.

Accordingly, the Court will deny the motion to strike as to Vatra's Third Affirmative Defense.

### e. Fourth Affirmative Defense

Vatra's Fourth Affirmative Defense alleges that BBK has no enforceable rights in its marks because they are generic or, alternatively, merely descriptive. (Doc. 55 at 39). BBK asserts that Vatra's defense is both implausible and improper because it attacks BBK's prima facie case. (Doc. 67 at 12-14). Vatra responds that genericness and mere descriptiveness are proper affirmative defenses and that it properly pleaded them. (Doc. 76 at 11-13).

The Court first rejects BBK's contention that Vatra's Fourth Affirmative Defense is not a proper affirmative defense. Courts have allowed defendants to raise both

---

[4] To be clear, the statutory language indicates that the list of defenses listed in § 1115(b) is not exhaustive.

genericness, *TE-TA-MA Truth Found.—Family of URI, Inc. v. World Church of the Creator*, 297 F.3d 662, 665 (7th Cir. 2002), and descriptiveness, *Marketquest Grp., Inc. v. BIC Corp.*, 316 F. Supp. 3d 1234, 1265–66 (S.D. Cal. 2018), as affirmative defenses in trademark disputes. As discussed in the previous section, doing so is supported by language in the Lanham Act contemplating that the party defending against trademark infringement of a registered mark must "prove[] any legal or equitable defense or defect . . . which might have been asserted if such mark had not been registered." 15 U.S.C. § 1115(a); *see also* 2 McCarthy, *supra*, § 11:43; 6 *id.* § 32:149.

Turning to whether Vatra adequately pleaded its Fourth Affirmative Defense, the Court observes that the parties raise essentially the same arguments concerning these allegations as they did in their briefs on BBK's motion to dismiss Skunk's counterclaims. (Doc. 120 at 7-12). The Court resolved that motion, in pertinent part, by dismissing most of Skunk's counterclaims for cancellation based on genericness and leaving those based on descriptiveness intact. (*Id.* at 12, 16).

Despite its prior conclusion on Skunk's genericness counterclaim, the Court will not strike Vatra's Fourth Affirmative Defense. Once again, aside from its global objection to further discovery, BBK fails to show it will suffer prejudice if the Court does not strike the affirmative defense. Vatra's genericness affirmative defense is intertwined with its allegations regarding descriptiveness. Those allegations clearly satisfy the pleading requirements of Rule 8(c) and remain relevant to the parties' dispute. Thus, BBK's global objection to further discovery fails to demonstrate it will suffer prejudice such that the Court must strike the Fourth Affirmative Defense.

Accordingly, the Court will not grant BBK's motion to strike as to Vatra's Fourth Affirmative Defense.

**f. Fifth Affirmative Defense**

In its Fifth Affirmative Defense, Vatra alleges that BBK "has not plead[ed] allegations necessary to support an assertion that [it] has common law rights in these marks, much less common law rights that pre-date Skunk's first use." (Doc. 55 at 41-42). BBK

argues that this is neither a proper affirmative defense nor did Vatra properly plead it. (Doc. 67 at 14). Vatra claims that it has provided BBK with "fair notice that it has not adequately alleged [its] common law rights" in the relevant marks. (Doc. 76 at 13-14).

Vatra's Fifth Affirmative Defense essentially amounts to a contention that BBK has failed to set forth sufficient facts to constitute a cause of action. As courts in this and other districts have reasoned, this allegation is not a proper affirmative defense; instead, it is more properly brought as a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Craten*, 2016 WL 3457899, at *3; *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010). Nonetheless, this Court will not strike the Fifth Affirmative Defense because—here too—BBK fails to show prejudice stemming from the presence of this affirmative defense in Vatra's answer. Vatra's allegations generally concern when BBK first used its marks and with what goods. This information will be relevant to the scope and priority of any common law rights that BBK may have in the marks at issue. As BBK's own repeated assertions demonstrate, (*See* Docs 67 at 5-6; 87 at 4, 5, 8), the nature of its common law rights will be of great importance to this litigation because a mark need not necessarily be registered to be enforceable—a plaintiff may still be able to enforce his mark under the common law. *Specialized Seating, Inc. v. Greenwich Indus., LP*, 616 F.3d 722, 728 (7th Cir. 2010); *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 996 (9th Cir. 2001); *see also* 6 McCarthy, *supra*, § 31:60. Because Vatra's allegations are relevant to determine the nature and extent of BBK's purported common law rights in its marks, BBK's global objection to further discovery also fails to demonstrate it will suffer prejudice from the Fifth Affirmative Defense.

Accordingly, the Court will deny BBK's motion to strike as to the Fifth Affirmative Defense.

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff BBK Tobacco & Foods, LLP's Motion to Strike Defendant Vatra's Affirmative Defenses (Doc. 67) is **DENIED.**

Dated this 15th day of November, 2019.

James A. Teilborg
Senior United States District Judge