1  Frank G. Long (#012245)
   flong@dickinsonwright.com
2  Casandra C. Markoff (#033990)
   cmarkoff@dickinsonwright.com
3  **DICKINSON WRIGHT PLLC**
   1850 N. Central Avenue, Suite 1400
4  Phoenix, Arizona 85004-4568
   Phone: (602) 285-5000
5  Fax: (602) 281-5100
6  Firm Email: courtdocs@dickinsonwright.com
7  *Attorneys for Plaintiff*

8             **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE DISTRICT OF ARIZONA**

10

11 | BBK Tobacco & Foods, LLP, an Arizona limited liability partnership, d/b/a HBI International, | |
12 | | No. CV-18-02332-PHX-JAT |
13 | Plaintiff, | |
14 | | **MOTION FOR ALTERNATIVE SERVICE** |
15 | v. | |
16 | Skunk, Inc., a California corporation; Vatra, Inc., a California corporation, | |
17 | | |
18 | Defendants. | |
19 | | |
20 | Skunk, Inc., a California corporation, | |
21 | Counterplaintiff, | |
22 | v. | |
23 | | |
24 | BBK Tobacco & Foods, LLP, an Arizona limited liability partnership, d/b/a HBI International, | |
25 | | |
26 | Counterdefendant. | |

1

Plaintiff BBK Tobacco & Foods, LLP ("Plaintiff"), through undersigned counsel, hereby moves this Court to grant an Order authorizing alternative service of a Subpoena *Duces Tecum* and Subpoena for Deposition Testimony in this action directed to third party Masood R. Khan, permitting service to be made by (a) emailing the Subpoena *Duces Tecum*, Subpoena for Deposition Testimony, and a copy of this Order to Mr. Khan's work email address; and, (b) mailing, via certified mail, the Subpoena *Duces Tecum*, Subpoena for Deposition Testimony, and a copy of this Order to Mr. Khan's two office addresses provided on his law firm website.

To date, despite multiple attempts, Plaintiff has been unable to serve Mr. Khan, as demonstrated by the Proof of Service attached hereto as Exhibit A, which indicates the various attempts Plaintiff's process server made to locate and serve Mr. Khan. This Motion is brought on the grounds that efforts to secure personal service upon Mr. Khan have proved impractical. This Motion is supported by the accompanying Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Mr. Khan has failed, or refuses, to respond to all of Plaintiff's efforts to contact and serve him. In addition to Plaintiff's process server's multiple efforts to personally serve Mr. Khan at his two different office locations, Plaintiff's counsel has emailed Mr. Khan six times seeking his cooperation in personally serving the subpoenas and in scheduling his deposition in the instant matter. Mr. Khan did not respond to any of those six emails. The latest of those emails informed Mr. Khan that the Court resolved the dispute over whether Defendant Skunk, Inc. implicitly waived the attorney-client

2

privilege covering certain communications between Defendant and Mr. Khan. [Doc. 149]. Furthermore, Mr. Khan appears to have had some contact with either Defendants or Defendant's counsel. Defendant's counsel reached out to Plaintiff's counsel at least two times with explanations as to why Mr. Khan would be unavailable for a deposition.

A subpoena must be served on a third party in compliance with Federal Rule of Civil Procedure 45(b)(1). Rule 45(b)(1) provides, in relevant part:

> Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.

The Ninth Circuit has not interpreted this provision in a published opinion, but many lower courts have interpreted it as requiring personal service. *See, e.g., Fujikura Ltd. v. Finisar Corp.*, 2015 WL 5782351, *5 (N.D. Cal. 2015) (collecting cases). Other courts, however, have concluded personal service is not required under Rule 45(b)(1). *See, e.g., Wells Fargo Bank NA v. Wyo Tech Inv. Grp. LLC*, 2019 WL 3208114, at *2 (D. Ariz. July 16, 2019) (personal service is not required under Rule 45); *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) ("We see no reason to inflate the costs of litigation by ruling out [certified mail as a] sensible option for serving a subpoena (along with the necessary fees) and requiring parties to hire a second person for service, at least in the absence of any language in the Rule that compels such a result.").

Even in the courts that interpret Rule 45 to require personal service, "there is a 'growing . . . trend among courts to allow substitute service of a Rule 45 subpoena.'" *Armed Forces Bank NA v. Dragoo*, 2018 WL 8621583, at *2 (D. Ariz. May 23, 2018) (allowing service of a subpoena via email). "In the particular context of a non-party

evading service of a subpoena, many courts have concluded alternative service must be allowed. As noted by one court, 'the Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service.'" *Id.* (quoting *Toni Brattin & Co. v. Mosaic Int'l, LLC*, 2015 WL 1844056, at *3 (N.D. Cal. Apr. 9, 2015)).

In this case, personal service has proven impracticable, as Mr. Khan appears to be purposefully evading personal service, and is needlessly delaying the prosecution of this case. For the foregoing reasons, Plaintiff requests that the Court enter an Order authorizing alternative service via either the Order submitted herewith or a form substantially similar thereto.

DATED this 14th day of January 2020.

Respectfully submitted,

*/s/ Casandra C. Markoff*
Frank G. Long
Casandra C. Markoff
**DICKINSON WRIGHT PLLC**
1850 N. Central Avenue, Suite 1400
Phoenix, Arizona 85004-4568
*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2020, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF system, and which will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

By: */s/ Veronica Newbanks*