Majed Dakak, *pro hac vice*
CA Bar No. 271875
*mdakak@kbslaw.com*
KESSELMAN BRANTLY STOCKINGER LLP
1230 Rosecrans Avenue, Suite 400
Manhattan Beach, California 90266
Telephone: (310) 307-4555
Facsimile: (310) 307-4570

Mary Ann Novak, *pro hac vice*
NE Bar No. 24851
*mnovak@hilgersgraben.com*
HILGERS GRABEN PLLC
575 Fallbrook Blvd., Ste. 202
Lincoln, NE 68521
Telephone: (402) 218-2106
Facsimile: (402) 413-1880

*Attorneys for Defendant /Counterclaim Plaintiff Skunk, Inc., and Defendant Vatra Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods, LLP, an Arizona limited liability partnership, d/b/a HBI International,<br><br>    Plaintiff,<br>v.<br>Skunk, Inc., a California corporation; Vatra, Inc., a California corporation,<br><br>    Defendants. | Case No. 2:18-cv-02332-JAT<br><br>**DEFENDANT AND COUNTERCLAIMANT SKUNK, INC. AND DEFENDANT VATRA, INC.'S JOINT RESPONSE TO PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE** |
| Skunk, Inc., a California corporation<br><br>    Defendant/Counterclaim Plaintiff,<br>v.<br>BBK Tobacco & Foods, LLP, an Arizona limited liability partnership, d/b/a HBI International,<br><br>    Plaintiff/Counterclaim Defendant. | |

1

Skunk, Inc. and Vatra, Inc. (collectively, "Defendants") submit this joint response to the motion of Plaintiff BBK Tobacco and Foods, LLP d/b/a HBI International ("BBK") for alternative service upon third-party witness Masood R. Khan.

BBK acknowledges that the law generally requires personal service of a subpoena upon a third-party witness. (*See* Motion [Dkt. 150] at 3). Nevertheless, BBK seeks this Court's permission to serve Mr. Khan by email and mail instead, arguing that personal service has "proved impractical." (*Id.* at 2). In support of this contention, BBK submits an exhibit to show that its process server attempted to personally serve Mr. Khan with the subpoena on a number of occasions from October 17, 2019 to October 24, 2019. (*See* BBK Exhibit A [Dkt 150-1]).

What BBK fails to tell the Court is that on October 25, 2019, Defendants' counsel informed BBK's counsel that Defendants had recently learned that Mr. Khan's mother had just passed away following a difficult illness.[1] (Defendants' **Exhibit A**, attached hereto). Thus, it was not surprising that BBK was unsuccessful in attempting to personally serve Mr. Khan at his offices in the October 17, 2019 to October 24, 2019 time period.

BBK does not claim that it has ever attempted personal service upon Mr. Khan again. Rather, it instead chose to wait nearly three months before filing its instant motion for substituted service, having only attempted to communicate with Mr. Khan via email in the interim (and without explaining why Mr. Khan, a third-party, is under any obligation to respond in any particular way to BBK's counsel's emails).

At any rate, the relief BBK seeks is contrary to law. Rule 45 of the Federal Rules of Civil Procedure states that service of a subpoena upon a third party means "delivering a copy to the named person[.]" As BBK freely acknowledges (*See* Motion

---

[1] Defendants' counsel does not represent Mr. Khan and, in fact, when emailing BBK's counsel on October 25, 2019 had not communicated at all with Mr. Khan about his mother's illness or any other matter. Rather, Defendants' counsel had been apprised by their client about the passing of Mr. Khan's mother.

2

[Dkt. 150] at 3), most courts conclude that this language mandates personal service of the subpoena. "The majority of courts understand 'delivering' to require personal service of the subpoena." *Fujikura Ltd. v. Finisar Corp.*, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015) (citing, among other sources, *Rijhwani v. Wells Fargo Home Mortg., Inc.*, 2015 WL 848554, at *4 (N.D. Cal. Jan. 28, 2015); *Newell v. Cnty. of San Diego*, 2013 WL 4774767, at *2 (S.D. Cal. Sept. 5, 2013); and, importantly, Wright & Miller, 9A Fed. Practice & Proc. § 2454 (3d ed. 2015) (concluding that "[t]he longstanding interpretation of Rule 45 has been that personal service of the subpoena is required")); *see also Prescott v. Cnty. of Stanislaus,* 2012 WL 10617, at *3 (E.D.Cal. Jan. 3, 2012) (collecting numerous cases where majority of courts interpret "delivering" to require personal service). In addition, while it is true that the Ninth Circuit has not *formally* weighed in on the question, at least one district court has noted that the Ninth Circuit indicated in an unpublished decision that personal service is certainly preferred under Rule 45. *Toni Brattin & Co. v. Mosaic Int'l, LLC,* 2015 WL 1844056, at *3 (N.D. Cal. Apr. 9, 2015) (referring to *Chima v. U.S. Dep't of Defense,* 23 Fed.Appx. 721, 724–25 (9th Cir. Dec. 14, 2001), wherein the Ninth Circuit disapproved of service of third-party subpoenas by mail)).

    Moreover, it is important to note that among the minority of courts to have sanctioned something less than personal service of a third-party subpoena under Rule 45, such an accommodation has generally only been found permissible following truly diligent efforts at personal service or in the face of extraordinary circumstances. *See, e.g., Cordius Trust v. Kummerfeld,* 2000 WL 10268, at *1–2 (S.D.N.Y. Jan. 3, 2000) (requiring diligence in attempting personal service); *Cartier v. Geneve Collections, Inc.,* 2008 WL 552855, at *1 (E.D.N.Y. Feb. 27, 2008) (refusing application for alternative service where evidence of diligence inadequate); *Dhillon v. Does 1–10,* 2013 WL 5367783, at *2 (N.D.Cal. Sept. 25, 2013) (permitting alternate service when number of individuals to be

3

served is very large).  Here, in contrast, BBK can hardly show diligence, having attempted personal service only at Mr. Khan's workplace during a one-week period when Mr. Khan was away from work for a compelling personal reason, and then having never again attempted personal service in the intervening three months.  Nor does serving Mr. Khan personally pose any extraordinary obstacles, as he is just one person.

There is at least one final reason why the alternate service plan BBK proposes is problematic.  When the personal attendance of a third-party witness is required by the subpoena (as it is here), Rule 45(b) requires the party serving the subpoena to "tender[] the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. § 45(b).  "A failure to tender fees at the time of service invalidates the subpoena and the deposition testimony will not be compelled." *Wallis v. Centennial Ins. Co.*, 2013 WL 434441, at *4 (E.D. Cal. Feb. 1, 2013); *see also CF & I Steel Corp v. Mitsui & Co.*, 713 F.2d 494, 495 (9th Cir. 1983) (quashing subpoena where attendance fees proffered belatedly); *Mirana v. Battery TaiShing Corp.*, 2009 WL 290459, at *1 (N.D. Cal. Feb. 5, 2009) (quashing subpoena for failure to properly tender witness fees); *S.F. Bay Area Rapid Transit Dist. v. Spencer*, 2006 WL 2734284, at *1 (N.D. Cal. Sept. 25, 2006) (same).  Flying in the face of these principles, BBK proposes methods of alternate service without explaining how or when it will proffer the necessary attendance fees necessary to make its subpoena valid.

BBK's request to serve Mr. Khan in an alternate matter contravenes most established case law.  Nor has BKK shown that it has, to date, even made reasonably diligent efforts to serve Mr. Khan diligently.  Finally, BBK has not answered for how it will tender the mandated witness fees.  BBK's current application for a service waiver should be treated with suspicion, and rejected, by the Court.

/ / /

4

| | | |
|---|---|---|
| 1 | DATED: January 28, 2020 | Respectfully submitted, |
| 2 | | By: _____/s/ Majed Dakak_____ |
| 3 | | Majed Dakak, *pro hac vice* |
| | | CA Bar No. 271875 |
| 4 | | KESSELMAM BRANTLY |
| 5 | | STOCKINGER LLP |
| | | 1230 Rosecrans Ave., Suite 400 |
| 6 | | Manhattan Beach, CA 90266 |
| 7 | | Telephone: (310) 307-4555 |
| | | Facsimile: (310) 307-4570 |
| 8 | | |
| 9 | | Mary Ann Novak, *pro hac vice* |
| | | NE Bar No. 24851 |
| 10 | | HILGERS GRABEN PLLC |
| | | 575 Fallbrook Blvd, Suite 202 |
| 11 | | Lincoln, NE 68251 |
| 12 | | Telephone: (402) 218-2106 |
| | | Facsimile: (402) 413-1880 |
| 13 | | *Attorneys for Defendants and Counterclaim Plaintiff* |

5

# EXHIBIT A

| | |
|---|---|
| **From:** | Majed Dakak |
| **To:** | Casandra C. Markoff |
| **Cc:** | Frank G. Long; Mary Ann Novak; Mark Paluch |
| **Subject:** | RE: Availability for Deposition: BBK Tobacco & Foods, LLP v. Skunk, Inc., et al. - Case No. CV-18-02332-PHX-JAT |
| **Date:** | Friday, October 25, 2019 2:58:00 PM |
| **Attachments:** | image001.jpg |

Casandra,

I recently learned that Mr. Khan's mother passed away from cancer.

Thanks,

Majed Dakak, Esq.
Kesselman Brantly Stockinger LLP
1230 Rosecrans Ave., Suite 400
Manhattan Beach, CA 90266
(310) 307-4555 (Main)
(310) 307-4559 (Direct)
(310) 307-4570 (Fax)
www.kbslaw.com

CONFIDENTIALITY NOTICE:    Do not read this e-mail if you are not the intended recipient.  This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged.

**From:** Casandra C. Markoff <CMarkoff@dickinson-wright.com>
**Sent:** Thursday, October 24, 2019 3:46 PM
**To:** mkhan@khanlegal.com
**Cc:** Frank G. Long <FLong@dickinson-wright.com>; Majed Dakak <mdakak@kbslaw.com>; Mary Ann Novak <mnovak@hilgersgraben.com>; Mark Paluch <mpaluch@kbslaw.com>
**Subject:** RE: Availability for Deposition: BBK Tobacco & Foods, LLP v. Skunk, Inc., et al. - Case No. CV-18-02332-PHX-JAT

Mr. Khan,

I did not receive a response to my below email. Please confirm that you have received it. Thank you in advance.

**Casandra C. Markoff** Attorney

1850 N. Central Avenue
Suite 1400
Phoenix AZ 85004

Phone  602-889-5343
Fax    844-670-6009
Email  CMarkoff@dickinsonwright.com

**From:** Casandra C. Markoff
**Sent:** Wednesday, October 16, 2019 2:52 PM
**To:** 'mkhan@khanlegal.com' <mkhan@khanlegal.com>
**Cc:** Frank G. Long <FLong@dickinson-wright.com>; 'Majed Dakak' <mdakak@kbslaw.com>; 'Mary Ann Novak' <mnovak@hilgersgraben.com>; 'Mark Paluch' <mpaluch@kbslaw.com>
**Subject:** Availability for Deposition: BBK Tobacco & Foods, LLP v. Skunk, Inc., et al. - Case No. CV-18-02332-PHX-JAT

Dear Mr. Khan,

My law firm, Dickinson Wright PLLC, is counsel for BBK Tobacco & Foods, LLP in the *BBK Tobacco & Foods, LLP v. Skunk, Inc., et al* litigation pending in the District of Arizona. I understand that Mr. Dakak, counsel for Defendants Skunk, Inc. and Vatra, Inc., took it upon himself to contact you previously regarding your availability to testify via deposition taken by BBK counsel in this litigation. Mr. Dakak informed us that you are dealing with an illness in your family at the moment, and we are sorry to hear that. However, because the Court has directed the parties to proceed with discovery without delay, we must reach out to you now to find out the dates when you are available for a deposition between now and December 15, 2019 and to discuss a convenient location for you for the deposition.

As for the scope of the deposition, we intend to question you about (1) your communications with Skunk, Inc. concerning Skunk, Inc.'s USPTO applications filed by you on Skunk, Inc.'s behalf and for which you signed the declarations for the applications; (2) any communications related to Skunk, Inc.'s use in commerce of the goods identified in those applications; and (3) your actions in the filing of the applications themselves and verifying the information contained therein.

By way of a brief background (I am not sure how much you have been informed), Skunk, Inc. has made certain allegations concerning your conduct as counsel for Skunk, Inc. in asserting defenses against BBK's claims against Skunk, Inc. for fraudulent procurement in filing its trademark applications (Serial Numbers 87339278 and 86952606). I have attached the related filings for your review. Based on those allegations, and due to the fact that you signed each of the declarations of use for the applications you filed on behalf of Skunk, Inc., you are a necessary witness and, given the response by Skunk, Inc. to BBK's claims challenging those representations in this litigation, Skunk, Inc. has waived any privilege objection to your testimony on the matters covered by your deposition.

We also intend to serve you with a subpoena *duces tecum* within the next week seeking documents on these same topics. I noticed that you have two office locations, one in Rancho Cucamonga and the other in Pasadena, may you please let me know which office is the most convenient for accepting service of this subpoena and where would be the most convenient location for your deposition?

**Please let us know your availability for a deposition between now and December 15, 2019 by October 23, 2019** so we can agree on a date that works for all parties before serving the subpoena for testimony. Also, let us know if you have any questions. Thank you in advance for your cooperation.

Best,

Casandra

The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail.

Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of said filing to all CM/ECF participants.

                                          */s/ Majed Dakak*
                                          Majed Dakak