Frank G. Long (#012245)
flong@dickinsonwright.com
Casandra C. Markoff (#033990)
cmarkoff@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
1850 N. Central Avenue, Suite 1400
Phoenix, Arizona 85004-4568
Phone: (602) 285-5000
Fax: (602) 281-5100
Firm Email: courtdocs@dickinsonwright.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods, LLP, an Arizona limited liability partnership, d/b/a HBI International, | No. CV-18-02332-PHX-JAT |
| Plaintiff, | |
| v. | **REPLY IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE** |
| Skunk, Inc., a California corporation; Vatra, Inc., a California corporation, | |
| Defendants. | |
| | |
| Skunk, Inc., a California corporation, | |
| Counterplaintiff, | |
| v. | |
| BBK Tobacco & Foods, LLP, an Arizona limited liability partnership, d/b/a HBI International, | |
| Counterdefendant. | |

Plaintiff BBK Tobacco & Foods, LLP ("BBK") hereby submits this Reply in Support of its Motion for Alternative Service. BBK has made significant efforts to personally serve Mr. Khan to no avail and seek leave from this Court to effect service. To date, BBK has emailed Mr. Khan's published email address on the State Bar of California website at least seven (7) times. BBK has attempted to personally serve Mr. Khan at two office locations for his law firm, Khan Law Group, LC, six (6) times.

Defendants oppose BBK's Motion for Alternative Service for three reasons, (i) Defendants argue that BBK waited too long because it spent three months emailing Mr. Khan seeking his cooperation with personal service, and until after the Court ordered that BBK was entitled to documents and testimony from Mr. Khan, to file a motion; (ii) Defendants argue that BBK's requested relief is contrary to the law on service under Rule 45 because BBK needs to do "something more" in its efforts to serve Mr. Khan; and (iii) Defendants argue that substitute service under Rule 45 is impossible because the witness fee can only ever be hand delivered. None of Defendants arguments are credible but each of these arguments made by Defendants will be addressed *seriatim*.

## I.   Efforts to Reach and Serve Mr. Khan

BBK did not file the instant Motion for Alternative Service until January 14, 2020 because any sooner would have been premature. BBK made six (6) attempts to personally serve Mr. Khan prior to October 25, 2019.[1] Defendant's counsel informed

---

[1] On September 27, 2019, BBK's counsel emailed Defendants' counsel seeking their availability for the deposition of Mr. Khan. On October 5, 2019, Defendants' counsel responded that he took "the liberty" of figuring out Mr. Khan's schedule and learned that Mr. Khan's mother had been fighting cancer and suggested "postponing Mr. Khan's deposition by a reasonable amount of time."

BBK on October 25, 2019 that Mr. Khan's mother had passed away. BBK, with Defendants' counsel copied, informed Mr. Khan that it would suspend all efforts to contact him or serve him until sometime after November 15, 2019 given his loss (BBK thought it even more appropriate to wait until after the Thanksgiving holiday). In late November, the parties began their dispute over whether Defendant Skunk, Inc. waived its attorney-client privilege with Mr. Khan concerning certain topics (i.e., whether BBK is entitled to the discovery it sought form Mr. Khan). On December 2, 2019, after the parties reached an impasse and sought Court intervention, BBK again reached out to Mr. Khan alerting him to the Court's involvement in the dispute and informing him that BBK still sought to immediately serve Mr. Khan pending the outcome of the dispute so to not delay the matter any longer if the Court ultimately ruled that a waiver occurred. Mr. Khan did not respond.

After the Court issued an order on January 8, 2019 resolving the dispute and finding a waiver, BBK emailed Mr. Khan the Court's order that same day and requested his cooperation in personally serving him once again. After receiving no response for two days, BBK emailed Mr. Khan again, with Defendants' counsel copied, and informed him that, in light of the earlier unsuccessful efforts to personally serve him, BBK planned to file a motion for alternative service if it did not hear back from Mr. Khan by a date certain the following week (January 13, 2020).

BBK received no response from Mr. Khan, and so BBK filed the instant Motion for Alternative Service on January 14, 2020. BBK also emailed a copy of that Motion for Alternative Service to Mr. Khan on January 14, 2020, again with Defendants'

counsel copied.[2]

## II.  Legal Authority on Alternative Service under Rule 45

BBK's requested relief is not contrary to the law as Defendants claim. Courts, including courts in the Ninth Circuit, are only split over whether language in Rule 45 requires personal service in the first instance (i.e., without leave from a court). *See, e.g.*, *Wells Fargo Bank NA v. Wyo Tech Inv. Grp. LLC*, 2019 WL 3208114, at *2 (D. Ariz. July 16, 2019) (personal service is not required under Rule 45). However, even among the courts that determine personal service is required under Rule 45 without leave, there is no such split over whether a party may receive leave from the court to serve by another method. *See Toni Brattin & Co. v. Mosaic Int'l, LLC*, 2015 WL 1844056, at *3 (N.D. Cal. Apr. 9, 2015) ("While these cases are compelling, they address a slightly different situation from this case—namely, they consider whether to compel a witness to comply with a subpoena served by means other than personal service.  This situation is different.  In advance, Brattin seeks leave of Court to serve these Respondents by alternative service.").

For example, in *Armed Forces Bank NA v. Dragoo*, the court expressed its preference for personal service under Rule 45 but held that substitute service "must be allowed" in the context of a non-party evading service. 2018 WL 8621583, at *2 (D. Ariz. May 23, 2018). The court noted that "the record establishes [the witness had] been

---

[2] BBK does not think it necessary to address Defendants' argument that BBK needs to explain why Mr. Khan should respond to BBK's numerous emails alerting Mr. Khan to its efforts to serve him. BBK is confident the Court will form its own opinion on such unprofessional conduct.

avoiding [] service" because the serving party "had repeated contact with [the witness] via email and service by email is 'reasonably calculated under the circumstances to provide [the witness] with both notice and an opportunity to present objections.'" *Id.* The court allowed service via email. *Id.* ("the Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service").

In fact, all of the cases cited by Defendants confirm the appropriateness of the relief requested by BBK. In *Cordius Tr. v. Kummerfeld*, a case cited by Defendants to stand for the proposition that "diligence in attempting personal service" is required, the court granted a motion for alternative service via certified mail where a party attempted several times within a one-week period to serve the witness. 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000). That court stated that it "joins those [courts] holding that effective service under Rule 45 is not limited to personal service." *Id.*

Similarly, in *Toni Brattin*, cited to by Defendants to support the contention that the Ninth Circuit has expressed preference for personal service, the court permitted alternative service via certified mail. 2015 WL 1844056, at *4 (N.D. Cal. Apr. 9, 2015) (chronicling the courts that have permitted substitute service). The court reasoned that the serving party attempted to serve the witness on six (6) different occasions at two different locations without success and, that "[u]der these circumstances, . . . Rule 45 should be construed as provided in Rule 1 'to secure the just, speedy, and inexpensive determination of every action,' which would allow for alternate means of service." *Id.*

In another case cited by Defendants, *Cartier v. Geneve Collections, Inc.*, the court

agreed with "a growing number of courts that have held that 'delivery' under Rule 45 means a manner of service reasonably designed to ensure actual receipt by a witness, rather than personal service." 2008 WL 552855, at *1 (E.D.N.Y. Feb. 27, 2008). That court denied a motion for alternative service without prejudice only because the movant did not present any facts to support that the witnesses were avoiding service or that the witnesses were likely to receive copies of the subpoenas at the addresses to which they are mailed. That is not at all the case here where Mr. Khan is likely to receive copies of the subpoenas at his published email address and office locations on his own law firm's website and the State Bar of California website.

Finally, in regards to the last case cited by Defendants allegedly supporting the proposition that alternative service should only be allowed in situations like where there is a "very large" number of individuals to be served, *Dhillon v. Does 1–10*, 2013 WL 5367783, at *2 (N.D. Cal. Sept. 25, 2013), that case did not even involve a motion for alternative service nor did it involve a large number of individuals. That case is completely irrelevant to the issue of alternative service.

BBK's requested relief comports with applicable law, and Defendants have only provided authority that supports such a conclusion.

## III.    Tendering of the Witness Fee

It is unclear what stake Defendants' have in the tendering of witness fees by BBK to a third-party witness, but BBK did not think it was a mystery that it would mail the witness fee check with a copy of the subpoenas to one of Mr. Khan's offices. Defendants have taken the depositions of five out-of-state witnesses in this case and presumably

mailed each of those witnesses the necessary witness fee check since none of those witnesses were personally served.

**IV.    Conclusion**

For the reasons stated in the Motion for Alternative Service and this Reply, BBK respectfully requests that this Court enter an order allowing for substitute service via email and mail on Mr. Khan. If the Court has any hesitation to permit service via email and mail, BBK is also willing to tape copies of the subpoenas to the doors of Mr. Khan's law offices.

DATED: this 30th day of January 2020.

Respectfully submitted,

*/s/ Casandra C. Markoff*
Frank G. Long
Casandra C. Markoff
**DICKINSON WRIGHT PLLC**
1850 N. Central Avenue, Suite 1400
Phoenix, Arizona 85004-4568
*Attorneys for Plaintiff*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2020, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF system, and which will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.


By: */s/ Veronica Newbanks*_____