**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods LLP, | No. CV-18-02332-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Skunk Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff BBK Tobacco & Foods LLP's ("BBK") Motion to Dismiss Defendant Skunk, Inc.'s ("Skunk") Amended Counterclaims for Genericness. (Doc. 137). Skunk has responded, (Doc. 145), and BBK has replied, (Doc. 147). The Court now rules on the motion.[1]

**I.    BACKGROUND**

This case arises from a trademark dispute between two tobacco paraphernalia manufacturers. (Doc. 120 at 1–2). Among other claims, BBK alleges that Skunk is infringing its trademark rights in four federally registered marks. (Doc. 1 at 7–10). In response, Skunk raised several counterclaims to cancel those registrations, including for genericness. (Doc. 54 at 43–62). BBK then moved to dismiss these, contending that

---

[1] Because the issues have been fully briefed and oral argument would not aide the Court's decisional process, the Court will not hold oral argument on the motion. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Skunk failed to allege that "the term 'skunk' is generic for" the goods listed in BBK's registrations. (Doc. 64 at 10).

This Court partially granted BBK's motion, finding that stating a claim for genericness requires alleging that the term sought to be protected is a generic name for the goods or services listed in the registration. (Doc. 120 at 9). After considering the arguments before it, this Court concluded Skunk's counterclaims failed to comply with that standard except for those related to "herbs for smoking." (*Id.* at 12) Those allegations survived because Skunk alleged that "skunk" means cannabis, a subcategory of herbs for smoking. (*Id.*) This Court granted Skunk leave to amend its other genericness counterclaims to properly allege that the word "skunk" is generic for the smoking paraphernalia listed in the relevant registrations or a subcategory thereof. (*Id.* at 16).

Skunk took advantage of that opportunity. (Doc 128 at 49–50, 51–52). As amended, those counterclaims now seek cancellation of BBK's Registration Number 2435666 ("Reg. No. '666") based on the allegation that the relevant public would understand the word "skunk" to denote a subcategory of cigarettes that contain cannabis ("First Genericness Counterclaim") and continue to seek cancellation of BBK's Registration Number 4436677 ("Reg. No. '677") based on the allegation that the relevant public would understand the term "skunk" to denote a subcategory of herbs for smoking—cannabis ("Second Genericness Counterclaim"). BBK now moves to dismiss the amended counterclaims under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. DISCUSSION

### A. Legal Standard

A defendant may move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Only a complaint that satisfies Rule 8(a)(2)'s requirement of "a short and plain statement

of the claim showing that the pleader is entitled to relief," will survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 "does not require 'detailed factual allegations,'" it requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). In other words, the complaint must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Finally, the Court must accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 679. Mere legal conclusions, however, are not entitled that same assumption. *Id.*

### B. First Genericness Counterclaim

As BBK points out, since the parties stipulated to remove the word "cigarettes" from Reg. No. '666, Skunk's First Genericness Counterclaim now faces a significant hurdle. (Doc. 147 at 10). Namely, Skunk cannot now obtain relief because its claim is predicated on a word in Reg. No. '666 that is now gone. (*Id.*; *see also* Doc. 146 at 1).[2]

The notion that one cannot cancel a mark because it is a generic name for goods or services for which it is *not* registered is fundamental but often overlooked. *See Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 11–12 (2d Cir. 1976). The Ninth Circuit Court of Appeals, however, recently reiterated this basic principal in *Elliot v. Google, Inc.*, where the plaintiffs sought cancellation of the mark "google" based on their contention that it was the generic name for the act of searching the internet without regard to the search engine used. 860 F.3d 1151, 1156–57 (9th Cir. 2017). Turning that argument aside, the court emphasized that the plain language of the Lanham Act only authorizes "cancellation of a trademark when it 'becomes the generic name for the *goods or services* . . . for which it is registered.'" *Id.* at 1157 (quoting 15 U.S.C. § 1064(3)). To

---

[2] Skunk, seemingly conceding this point, did not even respond to this argument. *Doe v. Dickenson*, No. CV-07-1998-PHX-GMS, 2008 WL 4933964, at *5 (D. Ariz. Nov. 14, 2008) ("The Court is entitled to treat [a] failure to respond as waiver of the issue and consent to [the] argument.").

- 3 -

reason otherwise, the court explained, would be to destroy arbitrary marks as a protectable trademark category. *Id.* ("If there were no requirement that a claim of genericide relate to a particular type of good, then a mark like IVORY, which is arbitrary as applied to soap, could be cancelled outright because it is generic when used to describe a product made from the tusks of elephants."); *see also* 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 12:3 (5th ed. 2020 update). Thus, in *Elliot*, the essential inquiry under 15 U.S.C. § 1064(3) was not whether the word "google" had some generic meaning; rather, it was whether that term had become generic for what was listed in the registration—internet search engines. *Elliot*, 860 F.3d at 1159. Stated differently, to be generic the meaning of the mark must, in some sense, mirror a good or service listed in the registration. It necessarily follows that a claim to cancel a mark for genericness is not viable unless it is tethered to a good or service listed in the registration.

Given that, consistent with *Elliot*, Skunk's First Genericness Counterclaim cannot obtain any more relief than it already has through the parties' stipulation, the counterclaim is now moot. *See Neighbors of Cuddy Mountain v. Alexander*, 303 F.3d 1059, 1065 (9th Cir. 2002) ("[A] case is moot . . . where no effective relief for the alleged violation can be given."); *see also Cigar King, LLC v. Corporacion Habanos, S.A.*, 560 F. App'x 999, 1001 (Fed. Cir. 2014) (holding that cancellation request became moot when registrations were canceled); *La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1270 (2d Cir. 1974) (explaining that because defendant's trademark registration expired and had not been renewed, plaintiff's request for cancellation of the registration was moot); *Fuller v. Heintz/Candee*, No. 07-CV-305-bbc, 2008 WL 3200247, at *2 (W.D. Wis. Aug. 6, 2008) (dismissing counterclaims because they were mooted by plaintiff's independent cancellation of his trademark registration).[3]

---

[3] The Court acknowledges that the authorities cited found the claims moot where the registrations in question were canceled in full. Given that Skunk's First Genericness Counterclaim was based on only one good in the registration, it would not have been able to win more than partial cancellation of the mark. Courts generally prefer partial cancellation a mark in cases like these because it "accords with the rationale by which a court is authorized to cancel a registration, viz, to 'rectify' the register by conforming it to court judgments which often must be framed in something less than an all-or-nothing way." *See, e.g.*, *Abercrombie & Fitch Co.*, 537 F.2d at 13; *Tiffany & Co. v. Costco*

Therefore, Skunk's First Genericness Counterclaim is dismissed as moot.

## C. Second Genericness Counterclaim

In its second motion to dismiss, BBK raises a new argument: the Second Genericness Counterclaim does not state a claim for genericness because it alleges that "skunk" is generic for a subcategory of "herbs for smoking"—cannabis—that cannot be lawfully sold under federal law and thus may never be included in a federal trademark registration. (Doc. 137 at 7). Because the phrase "herbs for smoking" listed in the registration cannot mean cannabis, BBK argues, Skunk's Second Genericness Counterclaim fails to plead that "herbs for smoking" is generic for the goods listed in the registration. Skunk's response is twofold, first arguing that BBK seeks untimely reconsideration of the Court's prior order which found Skunk's claim for cancellation based on genericness for Reg. No. '677 adequately pleaded, and then arguing BBK's motion should be denied because "[t]he test for genericness turns *exclusively* on the understanding of members of the relevant consuming community." (Doc. 145 at 12–13).

Skunk's first argument is not well-taken. It is "well-established doctrine that an amended pleading supersedes the original pleading" and the original is treated as nonexistent thereafter. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, "[c]ourts in this Circuit . . . have permitted [counter-defendants] moving to dismiss an amended [counter-claim] . . . to raise new arguments that were previously available." *Cochran Firm, P.C. v. Randy H. McMurray, P.C.*, No. CV 12-5868 PSG (MRWx), 2015 WL 12661951, at *4 (C.D. Cal. July 16, 2015) (alteration in original) (quoting *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 903 F. Supp. 2d 880, 893 (C.D. Cal. 2012)); *Cont'l Circuits LLC v. Intel Corp.*, No. CV16-2026 PHX DGC, 2017 WL 2651709, at *4 (D. Ariz. June 19, 2017); *Reyes v. Revlon Consumer Prods. Corp.*, No. 2:12-cv-1456-HRH, 2013 WL 12250530, at *1 n.14 (D. Ariz. Mar. 28, 2013) ("Any opinion the court expressed as to the plausibility of plaintiff's claims in the

---

*Wholesale Corp.*, 994 F. Supp. 2d 474, 481 (S.D.N.Y. 2014)). Allowing full cancellation in such a case would also violate the fundamental principles articulated in *Elliot* and explained in the above.

original complaint has no bearing on the plausibility of the claims in plaintiff's first amended complaint."). The Court will consider BBK's new arguments, even though they were previously available.

The thrust of BBK's argument is that, even assuming "skunk" means cannabis, cannabis is not a subcategory of any good listed in Reg. No. '677. (Doc. 128 at 51–52). Under the Trademark Manual of Examining Procedure, "[u]se of a mark in commerce must be lawful use to be the basis for federal registration of the mark." TMEP § 907 (Oct. 2018). Given the United States Patent and Trademark Office's ("USPTO") strong policy against authorizing registrations of unlawful goods, it would not have registered BBK's mark for cannabis-based goods. *See, e.g.*, *In re JJ206, LLC*, 120 U.S.P.Q.2d (BNA) 1568, 1570 (T.T.A.B. 2016) (refusing registration because applicant identified its goods as vaporizing devices for cannabis); *In re Morgan Brown*, 119 U.S.P.Q.2d (BNA) 1350, 1351 (T.T.A.B. 2016) (refusing registration because the herbs offered for sale in applicant's retail store included marijuana). Consequently, even assuming the truth of Skunk's allegations about the meaning of the word "skunk," it has not alleged that the word is "the generic name for the goods or services . . . for which [that mark] is registered," 15 U.S.C. § 1064, because the goods for which the mark is registered must be non-cannabis "herbs for smoking." Put another way, and in terms of familiar Rule 12(b)(6) language, Skunk has not stated a plausible claim for relief given the USPTO's policy. *See Iqbal*, 556 U.S. at 680.

Skunk's arguments to the contrary—which heavily emphasize the consumer understanding component of genericness—fail to account for controlling Ninth Circuit precedent making clear that a trademark registration is not susceptible to a genericness challenge simply because it is the generic name for something; rather, it must be the generic name for the particular goods listed in the trademark registration. *Elliot,* 860 F.3d at 1159 ("Even if we assume that the public uses the verb 'google' in a generic and indiscriminate sense, this tells us nothing about how the public primarily understands the word itself, irrespective of its grammatical function, with regard to internet search

engines."). What is more, such arguments also ignore this Court's prior order. Citing *Elliot*, this Court's prior order was clearly premised on this bedrock principle of trademark law. (Doc. 120 at 9) ("To state a claim for genericness requires alleging that the putative mark . . . is a generic name for the goods or services listed in the registration or application."). Ironically, where Skunk faults BBK for purportedly seeking reconsideration of that order, it is Skunk who untimely seeks reconsideration by alleging that this is somehow a "stricter test" than what the law requires. (*See* Doc. 145 at 10–11). To the extent Skunk disagrees with this standard, its quarrel is with the Ninth Circuit's decision in *Elliot*, which is conspicuously absent from Skunk's Response. While Skunk may disagree with *Elliot*, that case is binding appellate authority and this Court cannot accept Skunk's implicit invitation to disregard it.

Accordingly, Skunk's Second Genericness Counterclaim must be dismissed too.

### III. CONCLUSION

Based on the foregoing,

IT IS ORDERED that Plaintiff BBK Tobacco & Foods, LLP's Motion to Dismiss Defendant Skunk, Inc.'s Amended Counterclaims for Genericness (Doc. 137) is GRANTED. Because other claims remain, the Clerk of the Court shall not enter judgment.

IT IS FURTHER ORDERED that the oral argument currently set for April 2, 2020 at 2:00 p.m. is VACATED.

Dated this 18th day of March, 2020.

James A. Teilborg
Senior United States District Judge