Majed Dakak, *pro hac vice*
CA Bar No. 271875
mdakak@kbslaw.com
KESSELMAN BRANTLY STOCKINGER LLP
1230 Rosecrans Avenue, Suite 400
Manhattan Beach, CA 90266
Telephone: (310) 307-4555
Facsimile: (310) 307-4570

Mary Ann Novak, *pro hac vice*
NE Bar No. 24851
mnovak@hilgersgraben.com
HILGERS GRABEN PLLC
575 Fallbrook Blvd., Ste. 202
Lincoln, NE 68521
Telephone: (402) 218-2106
Facsimile: (402) 413-1880

*Attorneys for Defendants Skunk Inc. and Vatra, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods, LLP, an Arizona limited liability partnership, d/b/a/ HBI International,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Skunk Inc., a California corporation; Vatra, Inc., a California corporation<br><br>　　　　　Defendants.<br><br>Skunk, Inc., a California corporation,<br><br>　　　Defendant/Counterclaim Plaintiff,<br><br>　　v.<br><br>BBK Tobacco & Foods, LLP, an Arizona limited liability partnership, d/b/a/ HBI International,<br><br>　　　Plaintiff/Counterclaim Defendant. | Case No.: CV-18-02332-PHX-JAT<br><br>**DEFENDANTS SKUNK INC. AND VATRA, INC.'S BRIEF RE JURISDICTION TO HEAR DISPUTE RELATING TO SUBPOENA TO THIRD PARTY SPECIAL DOMAIN SERVICES, LLC** |

Defendants Skunk Inc. and Vatra, Inc. respectfully submit this brief as requested by the Court (ECF 203) to address the Court's jurisdiction to hear Defendants' motion to quash the subpoena Plaintiff BBK Tobacco & Foods, LLP ("Plaintiff") issued to third-party Special Domain Services, LLC ("SDS").

### A.   Background

Third-party SDS was subpoenaed because it is believed to be Defendants' website and email hosting platform. According to the Arizona Corporation Commission, Special Domain Services, LLC is an active registered foreign limited liability company with an agent for service of process, Corporation Service Company, located in Phoenix, Arizona. *See* https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=R17247303. SDS is a Delaware LLC but it lists a principal place of business in Phoenix, Arizona. *Id.* SDS's member is Go Daddy Operating Co., LLC which has a business address at 14455 N. Hayden Road, Suite 219 in Scottsdale, Arizona.

Prior to service, Plaintiff provided Defendants with notice of the subpoena (ECF 182). Defendants objected to the breadth of the subpoena in that it seeks documents from Skunk, Inc.'s email host that are so broad they would require production of emails that may include privileged information between Skunk and its counsel, irrelevant information not related to the issues in dispute in this trademark lawsuit, and contain other commercially sensitive information that Plaintiff is not entitled to. Despite Defendants' objections, Plaintiff served the subpoena without notice and actually expanded its scope.[1] *See* **Exhibit A** (adding categories B-G). Defendants immediately objected and informed SDS by letter addressed to its principal place of business in Phoenix, Arizona that it would be moving to quash the subpoena in order to protect its own information.

On April 10, 2020, Plaintiff served SDS's registered agent for service of process in Phoenix, Arizona with the subpoena *duces tecum*. *Id.* The subpoena issued from this Court

---

[1] Plaintiff did not serve or file an amended notice of subpoena. A copy of the subpoena served on Special Domain Services, LLC is attached hereto as **Exhibit A**.

2

and requires that the documents be produced in Phoenix, Arizona.

### B. The Court Has Jurisdiction to Hear the Motion to Quash

Federal Rule of Civil Procedure 45(c)(2)(A) provides that a subpoena may command "production of documents, electronically stored information, or tangible things within 100 miles of where the person resides, is employed, or regularly transacts business in person." Here, the subpoena commands production of documents and electronically stored information in Phoenix, Arizona and SDS lists a principal place of business in Phoenix, Arizona and transacts business in Phoenix. Thus, requiring compliance in Phoenix appears to be proper. *See e.g., Sol v. Whiting,* 2014 WL 12526314, at *2 (D. Az. July 22, 2014) (stating that the requirements of Rule 45(c)(2) are not jurisdictional but aim to protect the producing party from burden).[2]

Federal Rule of Civil Procedure 45(d)(3)(A) provides that the "court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter" and Rule 45(d)(3)(B) provides that "the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires disclosing confidential commercial information." This Court sits in the district where compliance is required and, thus pursuant to Rule 45, has jurisdiction and authority to quash the subpoena. *See also Sol v. Whiting,* 2014 WL 12519787, at *2 (D. Az. Sept. 9, 2014) (holding that a court has jurisdiction to enforce a subpoena issued in the district in which it sits). Jurisdiction is even more clear here, where the movant is a party subject to the jurisdiction of the Court.

---

[2] Even if the Court was unsure if SDS regularly conducts business in Phoenix, several courts have held that Rule 45's 100 mile boundary does not apply where the subpoenaed person is not instructed to also appear at the production location along with the requested documents. *Elsom v. Global Life and Accident Ins. Co.,* 2018 WL 4092020, at *2 (D. Or. Jan. 16, 2018) (listing cases). Here, Plaintiff also agreed in Attachment A of the subpoena to accept documents via email or facsimile.

3

1   DATED: April 23, 2020 				Respectfully submitted,

3   							By:_____*/s/ Majed Dakak*_____

Majed Dakak, *pro hac vice* (CA Bar No. 271875)
KESSELMAN BRANTLY STOCKINGER LLP
1230 Rosecrans Ave., Suite 400
Manhattan Beach, CA 90266
Tel: (310) 307-4555 | Fax: (310) 307-4570

Mary Ann Novak, *pro hac vice* (NE Bar No. 24851)
HILGERS GRABEN PLLC
575 Fallbrook Blvd, Suite 202
Lincoln, NE 68521
Tel: (402) 218-2106 | Fax: (402) 413-1880

*Attorney for Attorneys for Defendants Skunk Inc. and Vatra, Inc.*

# EXHIBIT A

**From:** Donna M. Lockwood <DLockwood@dickinson-wright.com>
**Sent:** Friday, April 10, 2020 12:38 PM
**To:** Majed Dakak <mdakak@kbslaw.com>; mnovak@hilgersgraben.com
**Cc:** Frank G. Long <FLong@dickinson-wright.com>; James A. Martone <JMartone@dickinson-wright.com>; Veronica S. Newbanks <VNewbanks@dickinson-wright.com>
**Subject:** Special Domain Services LLC was served this morning, 4/10/20
**Importance:** High

Good afternoon, the attached documents were served today on Special Domain Services, LLC, c/o Corporation Service Company:

Subpoena for production of documents
Letter to Special Domain Services, LLC
Custodian of Records declaration form

Best regards,
Donna

### Donna M. Lockwood Paralegal

| | | |
|---|---|---|
| 1850 N. Central Avenue Suite 1400 Phoenix AZ 85004 | Phone | 602-285-5077 |
| | Fax | 844-670-6009 |
| | Email | DLockwood@dickinsonwright.com |



The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail.

Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| BBK Tobacco & Foods, LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. Cv-18-02332-PHX-JAT |
| Skunk, Inc.; Vatra, Inc. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   Special Domain Services, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit "A".

| Place: Dickinson Wright, PLLC<br>1850 N. Central Avenue, Suite 1400<br>Phoenix, Arizona 85004 | Date and Time:<br>04/17/2020 @ 5:00pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/31/2020

*CLERK OF COURT*

OR

_____      s/ Frank G. Long
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* BBK Tobacco & Food, LLP, an Arizona limited liability partnership, d/b/a HBI Intl'., who issues or requests this subpoena, are:
Frank G. Long, 1850 N. Central Ave., Ste. 1400, Phx, Az 85004. flong@dickinsonwright.com, 602-285-5000.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 2:18-cv-02332-JAT   Document 204   Filed 04/23/20   Page 8 of 16

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. Cv-18-02332-PHX-JAT

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:18-cv-02332-JAT   Document 204   Filed 04/23/20   Page 9 of 16

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT A

You are to provide the following information, if available, preferably as data files on CD-ROM, electronic media, or via email to flong@dickinsonwright.com, or otherwise by facsimile to 844-670-6009:

A.  Any document or other business record regarding the following brand names, entities, and domain names:

Skunk

Skunkguard

Skunk Guard

Skunk, Inc.

Skunkguard.com

Skunkbags.com

B.  Any document or other business record from January 1, 2014 until present regarding Vatra, Inc. and containing the word "skunk" alone or in combination with any other words, including but not limited to "skunkguard" or "skunk guard" and "skunkbags" or "skunk bags".

C.  Any document or other business record regarding Alise Jusic aka "Alis Jusic" which pertains to, is associated with, contains reference to, or is otherwise related to Skunk, Skunk Guard, and/or any other iteration of the term "Skunk."

D.  Any document or other business record regarding alisej7@gmail.com which pertains to, is associated with, contains reference to, or is otherwise related to Skunk, Skunk Guard, and/or any other iteration of the term "Skunk."

E.  A full MySQL database Export (in SQL Format) of the Wordpress database from 2014 and 2015 or earliest available date for "skunkguarddb," shown on the attached document numbered SKUNK002265 (attached).

F. A full MySQL database Export (in SQL Format) of the Wordpress database from 2014 and 2015 or earliest available date for the vatra.com website, *database name unavailable but can be found by looking at relevant site wp-config file*.

G. A full MySQL database Export (in SQL Format) of the Wordpress database from 2014 and 2015 or earliest available date for the skunkbags.com website, *database name unavailable can be found by looking at relevant site wp-config file*.

4812-4021-7016 v5 [58183-60]



SKUNK 002265



1850 North Central Avenue, Suite 1400
Phoenix, AZ 85004-4568
Telephone: (602) 285-5000
Facsimile: (844) 670-6009
http://www.dickinsonwright.com

Frank G. Long
Flong@dickinsonwright.com
(602) 285-5093

April 8, 2020

**VIA PROCESS SERVER**

SPECIAL DOMAIN SERVICES, LLC
C/O CORPORATION SERVICE COMPANY
8825 N. 23ʳᴰ AVENUE, SUITE 100
PHOENIX, ARIZONA 85021

Re:  Subpoena to Appear at a Deposition and Subpoena *duces tecum* in *BBK Tobacco & Foods, LLP dba HBI International v. Skunk, Inc.; Vatra, Inc.*, Case No. 2:18-cv-02332-PHX ("Skunk Matter")

Dear Custodian of Records:

Enclosed please find a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") in the above-referenced matter addressed to you seeking copies of certain materials as set forth in Attachment A to the Subpoena.

We do not intend to take testimony at this time, but merely wish to obtain the documents requested in the Subpoena. Accordingly, this Subpoena may be complied with by simply forwarding copies of the materials requested to the undersigned by the date referenced in the Subpoena.

Please note that the subpoena is for records only, so long as the copies are received by us on or before the date noted in the subpoena no personal appearance is necessary. A fee for compliance with the subpoena, pursuant to A.R.S. §12-351, will be provided upon receipt of the records. Our firm will require an invoice and a W-9 to submit for payment. You may provide the records by U.S. Mail, by fax or by email to the contact information listed above.

Dickinson Wright PLLC

Please submit the records with a signed Declaration of the Custodian of Records (courtesy copy enclosed), verifying that the records submitted are true and correct copies. If you require additional time to comply with the subpoena please contact my Paralegal, Donna Lockwood at (602) 285-5077.

Thank you for your cooperation.

Very truly yours,

*/s/ Frank G. Long*

Frank G. Long
For the Firm

Enclosures as stated.

4846-4778-5145 v1 [58183-60]

# DECLARATION OF
# CUSTODIAN OF RECORDS

Pursuant to Rule 80i, Arizona Rules of Civil Procedure,

I, _____, Custodian of Records for **Special Domain Services, LLC**, am the duly authorized custodian of records of the entity described in the request for records and I have authority to certify the records.

2.   The attached copy is a true copy of all the records described in the request for records and consists of _____ pages.

3.   The records were prepared in the ordinary course of business of our office at or near the time of the act, condition, or event described therein or were received and maintained by our office in the ordinary course of our business.

4.   I declare and verify under penalty of perjury that the contents thereof are true and correct to the best of my knowledge.

DATED this _____ day _____, 2020.

_____
Custodian of Records

# CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of said filing to all CM/ECF participants.

                                                                */s/ Majed Dakak*
                                                                 Majed Dakak