**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods LLP, | No. CV-18-02332-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Skunk Incorporated, et al., | |
| Defendants. | |

On the deadline for discovery disputes, Plaintiff filed notices indicating the parties have two additional discovery disputes. Because the Court is currently holding a very limited calendar, the Court will permit the complaining party to file a motion to compel under Federal Rule of Civil Procedure 37 as to one of the issues. The motion must comply with Rule 37 in all respects. The motion must, with exacting specificity, state the relief sought by the movant. If the Court cannot determine what relief is sought, or if the relief sought is stated in such broad and general terms that the Court cannot craft an order granting relief, the motion to compel will be denied.

**I.     Dispute One**

The first dispute involves Plaintiff seeking leave to file a motion to compel production of "reports from Defendants' NetSuite database (or the data in native format) covering all of Defendants' sales in 2014 and 2015." (Doc. 241 at 2). Plaintiff may file a motion to compel, not to exceed 3 pages, on this issue by May 20, 2020. Plaintiff must attach the request for production (or MIDP response) that called for the production of this

information. Defendants shall file a response, not to exceed 3 pages, by May 26, 2020. Plaintiff may reply, not to exceed 2 pages, by May 27, 2020.

Because the motion to compel is being filed under Rule 37, consistent with Rule 37, the party that loses the motion to compel will be assessed the other side's attorney's fees unless a specific exception is met. In filing any motion for attorney's fees, the party seeking fees must state which specific section of Rule 37 it seeks fees under, and whether such fees are sought against the client, or counsel, or both (if both, in what percentages). Each side must keep detailed billing records of the time spent only on the motion to compel. The Court will call for fee statements after the Court rules on the motion to compel.

The Court will not hold oral argument. Thus, a parties' failure to raise or respond to an argument will be deemed a waiver. Any confusion the Court experiences as to the relief sought or the issues presented will be held against the movant for purposes of denying the motion and assessing fees.

## II. Dispute Two

Plaintiff seeks leave to move to compel a second Rule 30(b)(6) deposition because Plaintiff claims Defendants' 30(b)(6) deponent was unprepared. (Doc. 242). Plaintiff admits the parties have not completed their meet and confer on this issue and may be able to reach a resolution. The Court will not set a briefing schedule on an issue on which the parties have not met and conferred. Further, the deadline for discovery disputes was May 15, 2020, and the Court will not entertain a discovery dispute on this issue going forward. The parties may reach whatever resolution they deem appropriate within the discovery deadline.

If Defendants choose to not continue the meet and confer process regarding this issue because the Court will not entertain a discovery dispute on it, Defendants do so at their peril. Specifically, the answers of a duly noticed 30(b)(6) deponent are binding on the company. Thus, hypothetically, if the duly noticed 30(b)(6) deponent was asked, "Do you make balloons?" and answered "I don't know" – "I don't know" is the binding answer on the company. *See Memory Integrity, LLC v. Intel Corp.*, 308 F.R.D. 656, 660 (D. Or.

2015) ("The designee testifies on behalf of the corporation and thus holds it accountable.") (quotations and citations omitted). Thus, the hypothetical company would likely not be permitted on summary judgment or at trial to offer evidence that contradicts or supplements the company's final, binding answer from the 30(b)(6) deposition that it does not know if it produces balloons. *See Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 543 (D. Nev. 2008) ("In *Reilly v. Natwest Markets Group,* [181 F.3d 253, 268 (2d Cir. 1999)] [applying a four-prong test for preclusion] the Second Circuit held that the district court did not abuse its discretion in precluding two witnesses from testifying on subject matters for which a Rule 30(b)(6) designee was unable to provide knowledgeable and specific responses.").

### III.     Conclusion

Based on the foregoing,

**IT IS ORDERED** that a motion to compel on Dispute One above is due by May 20, 2020. No extensions of this deadline will be granted.

Dated this 19th day of May, 2020.

James A. Teilborg
Senior United States District Judge