**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods LLP, | No. CV-18-02332-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Skunk Incorporated, et al., | |
| Defendants. | |

Pending before the Court are, among other motions, Plaintiff BBK Tobacco & Foods LLP's Motions for Orders Permitting Filing Under Seal (Doc. 277; Doc. 342), Renewed Motion for Permission to File Non-Electronic Exhibits (Doc. 289; Doc. 351), Motion for Order Permitting Filing Under Seal of the Unredacted Sealed Version of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment and a Certain Exhibit Thereto (Doc. 334), Motion for Order Permitting Filing Under Seal of Defendants' Motion for Partial Summary Judgment and Certain Exhibits Thereto (Doc. 339), and Defendants Skunk, Inc. and Vatra, Inc.'s Motion for Order Permitting Filing Under Seal Exhibits T (ECF 349) & U (ECF 350) Filed by Plaintiff With Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Doc. 352).

## I.    BACKGROUND

The parties in this case have stipulated to a Protective Order with regard to information, documents, and other things produced or served, or otherwise disclosed in this action, which they allege involve trade secrets, including commercial and financial

1  information, for which special protection from public disclosure and from use for any other
2  purpose other than prosecution of this action is warranted. (Doc. 136).

3      Consistent with the Protective Order, the parties have moved to seal documents cited
4  in their motions for partial summary judgment, and the Court now rules.

5      II.     DISCUSSION

6          A.     Motions to File Under Seal

7      Because there is a strong presumption in favor of public access to court documents,
8  a party seeking to seal a judicial record "bears the burden of overcoming this strong
9  presumption by meeting the 'compelling reasons' standard." *Kamakana v. City and County*
10 *of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citation omitted). This means
11 "the party must articulate compelling reasons supported by specific factual findings that
12 outweigh the general history of access and the public policies favoring disclosure." *Id.* at
13 1178–79 (internal quotations omitted). These compelling reasons must be shown in order
14 to seal judicial records attached to a dispositive motion, even if the dispositive motion, or
15 its attachments, were previously filed under seal or protective order. *Id.* at 1179.

16     After conscientiously balancing the competing interests of the public and the party
17 who seeks to keep certain judicial records secret, "if the court decides to seal certain judicial
18 records, it must base its decision on a compelling reason and articulate the factual basis for
19 its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotations omitted).
20 Where a party shows that its documents contain sources of business information that might
21 harm its competitive standing, the need for public access to the records is lessened. *See*
22 *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978).

23              1.     Doc. 277

24     In its first motion, Plaintiff moves to file under seal two exhibits that are referenced
25 in its motion for partial summary judgment, namely Exhibits 9 and 57. Defendants have
26 not filed an opposition to the motion.

27     Exhibit 9 is a collection of invoices to several of Plaintiff's customers. These
28 invoices contain the customers' names and addresses, as well as wholesale pricing

information. The invoices also list the types and volume of products sold. Exhibit 57 contains a list of customers to whom Plaintiff sold its "Skunk Sack" products, the date of each sale, the price at which the product was sold, and calculation of total sales revenues by month between November 2014 and November 2019.

Plaintiff's motion references a declaration of Brendan Mahoney to provide a factual basis for why public disclosure of these exhibits would cause it competitive harm. The motion, however, does not include Mahoney's declaration as an attachment. It instead includes a declaration of Plaintiff's creative director, Ian Kobe, and other exhibits unrelated to the subject matter of the motion to seal. Absent Mahoney's declaration or other supporting exhibits, the Court is unable to make the factual findings necessary to determine whether compelling circumstances exist to justify sealing these exhibits.

The Court assumes this was an oversight on the part of Plaintiff's counsel. Accordingly, rather than deny the motion, the Court will allow Plaintiff to file Mahoney's declaration within three days of this Order. Until then, the motion shall remain pending.

### 2.    Doc. 334

Next, BBK moves to seal the unredacted version of Defendants' opposition to its motion for partial summary judgment and Exhibit BBBB, the source for the redacted statements in the publicly-filed opposition.

Exhibit BBBB contains Plaintiff's total sales revenues from its Skunk brand products for 2012–18 and the period between January and October 2019 and breaks that information down by product. In support of its motion to seal, Plaintiff offers the declaration of its chief operating officer, Matthew Colvard. (Doc. 334-1). Colvard asserts that public disclosure of this secret information would harm Plaintiff by allowing its competitors insights into the sales trends of its products and categories of products. The Court agrees and finds that public disclosure of this information would result in a competitive disadvantage to Plaintiff that outweighs the policy in favor of public disclosure. Accordingly, the Court grants Plaintiff's motion to file Exhibit BBBB under seal.

Further, Defendants have publicly filed a redacted opposition to Plaintiff's motion for partial summary judgment. (Doc. 332). The redacted motion contains only two redacted sentences, and both describe the contents of Exhibit BBBB. Because these limited redactions protect Plaintiff from competitive harm while respecting the public interest in access to Court documents, the Court grants Plaintiff's motion to file Defendants' unredacted opposition under seal.

### 3.    Doc. 339

Next, BBK moves to seal the unredacted version of Defendants' motion for partial summary judgment and to seal the exhibits which the redacted portions of the publicly-filed motion cite, namely Exhibits 3, 4, 6, 9, 17, 18, 35, and 53. The parties have since agreed that certain redactions in the publicly-filed motion were unnecessary. (*See* Doc. 340). Further, the parties agreed the parts citing page 145 of Exhibit 4 and page 273 of Exhibit 6 do not contain information justifying filing under seal. Defendants have publicly filed those pages from Exhibits 4 and 6, as well as a motion with unnecessary redactions removed. (Doc. 340-1; Doc. 340-2; Doc. 340-3). The Court addresses the remaining exhibits below.

Exhibit 3 consists of two pages of the opening report from Plaintiff's damages expert. These two pages discuss Plaintiff's marketing and sales strategy, as well as its annual marketing expenses by category and income from each sales channel. Plaintiff argues that public disclosure of this information would result in competitive harm because it would allow its competitors to conduct a sales trend analysis by year and by product. It further argues that marketing budget allocation is an aspect of its business strategy entitled to protection from public disclosure. The Court agrees and finds that public disclosure of this information would cause Plaintiff competitive harm that outweighs the policy in favor of public disclosure. Accordingly, the Court grants Plaintiff's motion to file these pages under seal.

Exhibit 4 consists of excerpts from Colvard's deposition. The excerpts have been filed publicly with four pages redacted. (Doc. 337-2 at 21–63). Plaintiff requests those four

pages (pages 120, 144, and 221–22) be filed under seal.

- Page 120: Plaintiff argues that Page 120 should be sealed because it indicates future product development plans and identifies one of its customers. Regarding the information Plaintiff characterizes as indicating future plans, the Court denies the motion. During the deposition, Colvard was asked whether Plaintiff used certain brand names on items other than those he was shown. Plaintiff asserts that Colvard's answer describes Plaintiff's plans to expand its product line. The Court disagrees. Colvard was asked a question calling for an either affirmative or negative response and responded in the negative. Plaintiff's extrapolation of Colvard's specific word choice is too speculative to constitute a compelling circumstance justifying removing the information from public view. And Plaintiff's naked assertion that release of this information would cause it competitive harm is insufficient to make the required showing. The Court finds, however, that the information regarding the identity of Plaintiff's customer may be sealed (lines 23–25 of page 120). BBK asserts that it keeps its customer identities secret, and the Court finds that release of this information would cause Plaintiff competitive harm that outweighs the policy in favor of public disclosure. *See B2B CFO Partners, LLC v. Kaufman*, No. CV 09-2158-PHX-JAT, 2011 WL 6297930, at *3 (D. Ariz. Dec. 16, 2011) ("[C]ustomer lists may constitute trade secrets if competitors could not readily ascertain customer names from public or other proper sources and if reasonable efforts are made to maintain the secrecy of the lists."). Accordingly, the Court grants Plaintiff's motion with respect customer identity and denies the motion with respect to Colvard's statement regarding the usage of the brands. Defendants shall publicly file Page 120 of Exhibit 4 with only lines 23–25 redacted.
- Page 144: This page of testimony discusses Plaintiff's customers and its marketing strategy, which it maintains as confidential. The Court finds that

public disclosure of this information would cause Plaintiff competitive harm that outweighs the policy in favor of public disclosure and therefore grants the motion. *See id.*; *Baker v. SeaWorld Entmt, Inc.*, No. 14CV2129-MMA (AGS), 2017 WL 5029612, at *5 (S.D. Cal. Nov. 3, 2017) (finding it appropriate to maintain under seal information related to "pricing and marketing strategies" because "disclosure . . . could lead to an improper use by competitors"). Because page 144 in its entirety discusses these topics, the Court grants Plaintiff's motion to seal the full page.

- Pages 221–22: Plaintiff argues that these pages should be sealed because they identify its customers by name. Page 221, however, does not specifically name any customers. Rather, it simply refers generally to a list of Plaintiff's customers, and Plaintiff does not argue that it would experience competitive harm from its competitors knowing that a list of Plaintiff's customers exists. Accordingly, the Court denies the motion to seal page 221. A portion of page 222, however, does identify specific customers by name. The Court finds that public disclosure of this information would result in competitive harm to Plaintiff that outweighs the policy in favor of public disclosure and therefore allows lines 9–25 of page 222 to be sealed. *See B2B CFO Partners*, 2011 WL 6297930, at *3. Defendants shall publicly file Page 221 of Exhibit 4 and Page 222 with only lines 9–25 redacted.

Exhibit 6 contains two pages of testimony from another deposition of Colvard. Plaintiff moves to seal page 272 of the exhibit because it summarizes the information its damages expert provided in Exhibit 3. For the reasons the Court grants the motion to seal Exhibit 3, the Court agrees that sealing the summary of the information in Colvard's deposition is appropriate, specifically, lines 6–8 of page 272. Defendants shall publicly file Page 272 of Exhibit 6 with only lines 6–8 redacted.

Exhibit 9 is the same as Exhibit BBBB discussed in section II(A)(2) of this Order, *supra*. For the reasons stated above, the motion to seal this exhibit is granted.

Exhibit 17 is a list of products Plaintiff sold between 2011 and 2019, their wholesale price, and total sales. Plaintiff asserts that this information is maintained as confidential. The Court finds that public disclosure of this information will result in competitive harm to Plaintiff that outweighs the policy in favor of public disclosure. *See id.* at *3 ("The Court finds that disclosure of . . . customer invoices could harm Defendants' competitive standing because it would give competitors the ability to directly undercut Defendants' pricing and thereby win clients away from Defendant.").

Exhibit 18 is a copy of an invoice related to a trade show. Plaintiff argues that this exhibit should be sealed because it lists pricing information and "aspects of [its] marketing strategy for a particular trade show." (Doc. 339 at 8). As discussed above, the Court finds that public disclosure of Plaintiff's pricing information would cause Plaintiff competitive harm that outweighs the policy in favor of public disclosure and agrees that this information may be redacted. *See id.* Plaintiff, however, does not explain how the items listed in the invoice reveal aspects of its marketing strategy; it simply asserts that it does. Further, the trade show to which this invoice is related occurred in 2017. Even assuming Plaintiff's statement to be true, Plaintiff does not assert that it uses the same strategy for every trade show or that it intends to use the same strategy going forward. Accordingly, Plaintiff has failed to demonstrate a potential for competitive harm and, consequently, failed to show compelling circumstance justifying sealing the document in its entirety. Defendants shall publicly file Exhibit 18 with only the pricing information redacted.

Exhibit 35 contains the responding report of Defendants' damages expert. A copy of this report with redactions has also been filed in the public record. (Doc. 337-4 at 5–19). The publicly-filed report contains only two redactions, and Plaintiff seeks to file the unredacted report under seal. Both redacted statements summarize information discussed in Section II(A)(3) of this Order, *supra*. For the reasons stated above, the Court agrees that redaction of this information is appropriate. Because a version of the report with this information redacted has already been filed in the public record, the Court grants Plaintiff's request to file Exhibit 35 under seal.

Exhibit 53 contains a list of Plaintiff's customers, which Plaintiff asserts it maintains as confidential. The Court finds that public disclosure of this information would cause competitive harm to Plaintiff that outweighs the policy in favor of public disclosure. *See B2B CFO Partners*, 2011 WL 6297930, at *3. Accordingly, the Court grants Plaintiff's motion to file this exhibit under seal.

### 4.     Doc. 342

Plaintiff also moves to seal exhibits cited in its opposition to Defendants' motion for partial summary judgment, namely Exhibits F, Q, II, RR, and SS. Defendants have not filed an opposition.

Exhibit F is a one-page excerpt from a deposition of Plaintiff's owner, Joshua Kesselman. On several lines of this page, Kesselman discusses one of Plaintiff's brands that is not at issue in this case. Plaintiff has already filed a redacted copy of this page in the public record. (Doc. 341-7 at 21). The Court agrees with Plaintiff that the redacted information "is not necessary to the Court's consideration of the underlying motion." (Doc. 342 at 2). Because the unredacted document is unnecessary, it does not need to be in the record at all, and the Court, therefore, denies the motion to file the exhibit under seal.

Exhibit Q is a table showing the common retailers at which the parties' products are sold. Because this summary exhibit contains a list of Plaintiff's customers, which Plaintiff asserts it maintains as confidential, the Court finds that public disclosure of this information would cause competitive harm to Plaintiff that outweighs the policy in favor of public disclosure. *See id.* Accordingly, the Court grants Plaintiff's motion to file this exhibit under seal.

Exhibit II is a copy of an invoice to one of Plaintiff's customers that includes the customer's name, the items the customer purchased, and the wholesale price. As discussed above, Plaintiff asserts that its customer identities and wholesale prices are kept secret, and the Court finds that public disclosure of this information would cause Plaintiff competitive harm that outweighs the policy in favor of public disclosure. *See id.* Accordingly, the Court grants the motion to seal this exhibit.

Exhibit RR is a summary exhibit showing the volume of Skunk brand product sales since 2011 broken down by years, and Exhibit SS is a summary exhibit showing the total revenue Plaintiff earned over many years from distributor and retailer sales. According to the declaration of Plaintiff's general counsel, Plaintiff protects this information from disclosure to its competitors. Plaintiff argues that both these exhibits should be sealed because public disclosure of this confidential business information would reveal sales trends with respect to one of its brands that could be exploited by one of its competitors. Plaintiff further argues that this sales information has little relation to the subject matter of this case. The Court agrees and finds that public disclosure of this information would cause Plaintiff competitive harm that outweighs the policy in favor of public disclosure. Accordingly, the Court grants the motion to seal Exhibits RR and SS.

### 5.    Doc. 352

Finally, Defendants move to seal two exhibits that Plaintiff cites in its opposition to Defendants' motion for partial summary judgment and lodged under seal: Exhibits T and U.

Both exhibits are lists of Defendants' customers. According to the declaration of Defendants' owner, Alise Jusic, Defendants have maintained these customer lists for the past six years, and the company has treated these lists with the highest level of secrecy. (Doc. 352-1 at 3). Only two of Defendants' employees have had access to these records, and the files were password protected. (*Id.*). The Court finds that public disclosure of Defendants' customer lists would result in a competitive disadvantage that outweighs the policy in favor of public disclosure. *See id.* Accordingly, the Court grants Defendants' motion to seal Exhibits T and U.

### B. Motion to File Non-Electronic Exhibits

Plaintiff moved to file four non-electronic exhibits: (1) a video of Plaintiff's booth at a trade show, (2) an animated YouTube video promoting Defendants' Skunk bags, (3) a video showing Tommy Chong promoting Defendants' Skunk bags, and (4) a video showing Defendants' Skunk tent being relocated during an outdoor trade show event. (Doc.

289).

On August 30, 2020, the Court noted that it was inclined to deny the motion "because Plaintiff has refused to meet and confer with Defendants and because Plaintiff filed this request so late it deprived Defendants of any opportunity to respond." (Doc. 290). The Court, however, considered the merits of the motion, denied the motion as to videos (1) and (4), and took the motion under advisement as to videos (2) and (3) pending further briefing. (*Id.*). The Court specifically stated that "[a]ny reply in support of the motion to file non-electronically must explain what is gained by viewing the videos, rather than still photographs of the product in the videos and the certified transcript." (*Id.* at 2).

Defendants did not respond to the motion. On September 23, 2020, Plaintiff filed a notice informing the Court that the time for Defendants to file a response to its motion had passed. (Doc. 351). The notice also stated that "Plaintiff believes that the Court gains valuable context of the visual information depicted in the native marketing videos that it cannot obtain from just viewing stills of the videos and certified transcripts." (*Id.*).[1]

The Court now denies Plaintiff's request to file videos (2) and (3). Plaintiff has not demonstrated the need for the videos themselves rather than still photographs and a certified transcript. Despite Plaintiff's stated belief, Plaintiff does not explain the nature of the context or visual information the Court stands to gain from the videos and does not explain how that information would differ from a photograph and certified transcript, as ordered by the Court. Nor does it not appear that Plaintiff attempted to propose a mutually-agreeable description of the videos to Defendants. Plaintiff instead only states that Defendants did not provide a suggested description. (Doc. 351 at 3).

Accordingly, the motion is denied.

## III.  CONCLUSION

For the foregoing reasons,

---

[1] On October 7, 2020, Defendants filed a response to Plaintiff's notice (Doc. 361), and on October 9, 2020, Plaintiff filed a reply asking the Court to strike Defendants' response as untimely (Doc. 362). Because the Court would deny Plaintiff's request to file non-electronic exhibits without considering Defendants' response, the Court determines that striking the response is unnecessary.

1    **IT IS ORDERED** that Plaintiff's Motion for Order Permitting Filing Under Seal

2    (Doc. 277) shall remain pending.

3    **IT IS FURTHER ORDERED** that Plaintiff's Renewed Motion for Permission to

4    File Non-Electronic Exhibits (Doc. 289 and Doc. 351) is **DENIED**.

5    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Order Permitting Filing

6    Under Seal of the Unredacted Sealed Version of Defendants' Opposition to Plaintiff's

7    Motion for Partial Summary Judgment and a Certain Exhibit Thereto (Doc. 334) is

8    **GRANTED**.

9    The Clerk of the Court shall file <u>under seal</u> the unredacted version of Defendants'

10    opposition to Plaintiff's motion for partial summary judgment (currently lodged at Doc.

11    333) and Exhibit BBBB (currently lodged at Doc. 333-1).

12    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Order Permitting Filing

13    Under Seal of Defendants' Motion for Partial Summary Judgment and Certain Exhibits

14    Thereto (Doc. 339) is **GRANTED IN PART AND DENIED IN PART**.

15    The Clerk of the Court shall leave all of Doc. 338, including attachments, lodged

16    under seal and shall not file it into the record. Within 7 days, Defendants shall file <u>under</u>

17    <u>seal</u> Defendants' unredacted motion for partial summary judgment (currently lodged at

18    Doc. 338), Exhibit 3 (currently lodged at Doc. 338-1), Exhibit 9 (currently lodged at Doc.

19    338-4), Exhibit 17 (currently lodged at Doc. 338-5), Exhibit 35 (currently lodged at Doc.

20    338-7), and Exhibit 53 (currently lodged at Doc. 338-8). As to the remaining exhibits, the

21    motion to file the exhibits in their entirety under seal is denied; within 7 days, Defendants

22    shall file redacted versions as specified in this Order, and to the extent that Defendants'

23    publicly-filed motion for partial summary judgment contains redactions deemed

24    unnecessary by this Order, Defendants shall publicly-file an updated motion that is

25    redacted consistent with this Order.

26    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Order Permitting Filing

27    Under Seal (Doc. 342) is **GRANTED IN PART AND DENIED IN PART**.

28    The Clerk of the Court shall file <u>under seal</u> Exhibit Q (currently lodged at Doc. 344),

Exhibit II (currently lodged at Doc. 345), Exhibit RR (currently lodged at Doc. 346), and Exhibit SS (currently lodged at Doc. 347). Exhibit F (currently lodged at Doc. 343) is stricken from the record, but may remain lodged under seal.

**IT IS FURTHER ORDERED** that Defendants' Motion for Order Permitting Filing Under Seal Exhibits T (ECF 349) & U (ECF 350) Filed by Plaintiff with Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Doc. 352) is **GRANTED**.

The Clerk of the Court shall file under seal Exhibit T (currently lodged at Doc. 349) and Exhibit U (currently lodged at Doc. 350).

**IT IS FINALLY ORDERED** that nothing in this Order impacts the use of exhibits at trial (should the case proceed to trial). The Court will not seal the trial or any portion thereof. Anything admitted at trial will be public with respect to the jurors, trial participants, and any member of the public in the gallery. The parties should confer and attempt to eliminate highly confidential information from their exhibit lists. But if this cannot be accomplished, the information will become public once admitted at trial.

Dated this 24th day of November, 2020.

James A. Teilborg
Senior United States District Judge