**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods LLP, | No. CV-18-02332-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Skunk Incorporated, et al., | |
| Defendants. | |

Pending before the Court is, among other motions, Plaintiff BBK Tobacco & Foods LLP's Motion for Order Permitting Filing Under Seal (Doc. 277). The Court now rules on the motion.

In the Court's previous Order addressing the parties' other motions to seal, the Court set forth the standard applicable to motions to seal and described the exhibits Doc. 277 seeks to seal:

> **A.     Motions to File Under Seal**
>
> Because there is a strong presumption in favor of public access to court documents, a party seeking to seal a judicial record "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citation omitted). This means "the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (internal quotations omitted). These compelling reasons must be shown in order to seal judicial records attached to a dispositive motion, even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Id.* at 1179.

> After conscientiously balancing the competing interests of the public and the party who seeks to keep certain judicial records secret, "if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotations omitted). Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened. *See Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978).
>
> **1.  Doc. 277**
>
> In its first motion, Plaintiff moves to file under seal two exhibits that are referenced in its motion for partial summary judgment, namely Exhibits 9 and 57. Defendants have not filed an opposition to the motion.
>
> Exhibit 9 is a collection of invoices to several of Plaintiff's customers. These invoices contain the customers' names and addresses, as well as wholesale pricing information. The invoices also list the types and volume of products sold. Exhibit 57 contains a list of customers to whom Plaintiff sold its "Skunk Sack" products, the date of each sale, the price at which the product was sold, and calculation of total sales revenues by month between November 2014 and November 2019.

(Doc. 369 at 2–3). The Court also noted that although Plaintiff referenced a declaration of its general counsel, Brendan Mahoney, to support its motion, Mahoney's declaration was not attached an exhibit. (*Id.* at 3). Pursuant to the Court's Order, Plaintiff has since filed Mahoney's declaration. (Doc. 373-1).

Mahoney's declaration provides that Plaintiff maintains the information contained in Exhibits 9 and 57 as confidential and protects the information from disclosure to its competitors. (*Id.* at 3). Mahoney further asserts that public disclosure of its customers, their contact information, wholesale prices, sales numbers, and revenue information would result in a competitive disadvantage to Plaintiff. (*Id.* at 3–4). The Court finds that public disclosure of this information would result in a competitive disadvantage to Plaintiff that outweighs the policy in favor of public disclosure. *See B2B CFO Partners, LLC v. Kaufman*, No. CV 09-2158-PHX-JAT, 2011 WL 6297930, at *3 (D. Ariz. Dec. 16, 2011) ("The Court finds that disclosure of . . . customer invoices could harm Defendants' competitive standing because it would give competitors the ability to directly undercut

1 Defendants' pricing and thereby win clients away from Defendant.").
2     Accordingly,
3     **IT IS ORDERED** that Plaintiff's Motion for Order Permitting Filing Under Seal
4 (Doc. 277) is **GRANTED**.
5     The Clerk of the Court shall file <u>under seal</u> Exhibit 9 (currently lodged at Doc. 278)
6 and Exhibit 57 (currently lodged at Doc. 279).
7     Dated this 2nd day of December, 2020.

_____
James A. Teilborg
Senior United States District Judge